THE PEOPLE *ex. rel.* GEORGE F. KOHLER, Respondents, *v.* JOHN C. HAYS, late Sheriff of San Francisco County, Appellant.

A purchaser at a Sheriff's sale, acquires no right whatever against the Sheriff for property sold, unless at the time of the sale he pays down in cash the whole of the purchase money.

APPEAL from the Superior Court of San Francisco.

Mandamus to compel the appellant to execute certain deeds to property alleged to have been purchased by the respondent at sheriff's sale. The case was tried without a jury ; and upon the proofs submitted, the Court granted the writ. The facts appear in the opinion of the Court.

*Crockett & Page*, for Appellant.

1. A mandamus will not lie in this case ; the plaintiff having an adequate remedy at law. People *v.* Lawrence, 6 Hill, 244. *Ex parte* Lynch, 2 Ib., 45. People *v.* Stevens, 5 Ib., 616. *Ex parte* Firemen's Ins. Co., 6 Ib., 243. If mandamus will lie in such a case, it stands on the same footing with a bill in equity for a specific performance. When Courts will refuse the latter, see 2 Story's Eq., § 742, 750, 769, 771, 775–6. The issuing of the writ is a matter resting in the discretion of the Court. 6 Bac. Ab. Tit. Mandamus. 1 Cow., 502. 4 Hill, 581. 2 Burrill's Prac. Tit. Mand. and is never done where injustice or hardship will ensue.

2. The plaintiff's cause of action is barred by the statute of limitations.

3. The sale being for cash, it was not the duty of the sheriff to tender a deed and demand the purchase money. He had a right to disregard the bid if the cash was not paid immediately, or at least within a reasonable time.

4. The sale was void under the statute of frauds, for want of a sufficient memorandum in writing, *made at the time* of the sale. In sales at auction, the memorandum must be made *eo instanti.* 1 Duer R., 131. Chapman *v.* Harwood, 8 Blackf. 82.

*Brown, Pratt & Tracy,* for Respondents.

1. Mandamus was the proper remedy. Rex *v.* Hoy, 1 Wm. Black., 640. Rex *v.* Turkey, 2 Burr, 1000. Rex *v.* The Borough of Medhurst, 1 Wilson, 283. 1 Cow., 512. The People *v.* Mayor of N. Y., 10 Wend., 395. The People *v.* Hoskins, 7 Ib., 463.

2. The statute of limitations does not apply to a case like the present. In no event could a suit have been brought until tender and demand. Little *v.* Blunt, 9 Pick. 490. 14 Mass., 425. Judah *v.* Blackf., 324. Wright *v.* Hamilton, 2 Bailey, 51. 9 N. H. 259. 3 English, 429. Baxter *v.* Gay, 14 Conn., 119.

3. The payment of part of the purchase money was a part performance of the contract. The delivery of the deed and the payment of the balance were concurrent acts, and neither party could have brought suit without showing that he was *ready and willing* to perform his part of the contract. Ch. on Cont., 633. 5 B. & Adol., 154. 2 Pick., 175. Hunt *v.* Livermore, 5 Ib., 395. 22 Ib., 485. The sheriff could not rescind the contract without placing the respondent in the same situation as he was at first. Ch. on Cont., 637.

4. Before the sheriff could have recovered the purchase money, he must have tendered a deed and made a demand. 2 S. & R., 425. 5 Ib., 223. Lumpkin *v.* Crawford, 8 Ala., 153; and before the sheriff could have made return that the property was unsold, he must have made a demand. See Haldship Case, 2 Penn. R., 16. The time that has elapsed is no objection. 4 Ham., 45. 3 Cow. 89.

BRYAN J., and HEYDENFELDT, J , delivered separate opinions.

BRYAN, J.—In this cause, the respondent having, in the summer or

fall of 1851, bid off at sheriff's sale a number of lots, said to have belonged to the City of San Francisco, under a judgment entered in the Superior Court in favor of Peter Smith, against the City of San Francisco, and having paid a small portion of the purchase money, the respondent waits until the expiration of nearly two years, and after most of the property had been re-sold by the sheriff, and then comes forward and tenders the balance due upon his bids, and demands a deed for the property. The respondent also adds, that he was always ready to pay the balance due, when the deed was made out by the sheriff and tendered to him, and that he never refused to pay the balance due.

A sheriff, by our laws, in selling property under execution, is not bound to receive any bid, except for cash on the whole amount of the sale ; and having received a bid with but a portion of the purchase money paid at the time, he may disregard the bid, and offer the property again for sale, if the balance of the purchase money is not paid before the return day of the execution. A sheriff is not bound to demand the purchase money before setting aside the bid, but the delay of the purchaser until the return day of the execution to pay the balance due, will be construed into a refusal on his part to pay the amount of his bid upon the property.

In this cause, the respondent delays until a portion of the property is sold to other parties, and delays until the expiration of nearly two years, before he manifests any intention to pay the balance and rely upon his bid for the property. He has by his own neglect lost all right which he might have had in the premises.

It would be a most flagrant violation of the principles of justice to allow a party thus long to sleep upon his rights, and when the property bid off has become valuable to bring forward his stale claim, to the injury of innocent parties in possession of the property.

The judgment below must be reversed, with costs.

HEYDENFELDT, J.—I concur, upon the ground that a purchaser at sheriff's sale, acquires no rights whatever against the sheriff for property sold, unless at the time of the sale he has paid down in cash, the whole of the purchase money.