| 4 | 195 |
|---|-----|
| 67 | 307 |

</div>

WILKINS T. WHEATLEY *et al. v.* THOMAS E. TUTT *et al.*

*Error from Wyandotte County.*

The process under which real estate is sold must accord with the order commanding it; the officer executing such process must proceed according to its terms; all the proceedings, and in each successive step, must be in harmony with each other, and must be authorized by the law.

Where lot 5 had been attached, and the order of the court was that the attached property be sold, and the process was issued accordingly, on motion to confirm, an appraisement of the whole lot, and an advertisement and sale of an undivided one-half of the lot, *held*, error for the court below to order a confirmation.

The facts of the case fully appear in the subjoined opinion.

*A. H. Hale,* for plaintiffs in error.

*Jesse Cooper*, for defendants in error.

*Hale*, for plaintiffs in error, contended :

1. The order of attachment does not conform to the constitution (*Art.* 3, § 17), nor to the civil code (§ 592).

2. The premises attached, ordered sold, appraised and advertised, consisted of a whole lot. The process conformed thereto, but the sheriff sold only one undivided half thereof. This was error. (*Sleeper* v. *Newberry Seminary*, 19 *Vt.*, 451 ; *Helton* v. *Hanson*, 18 *Maine*, 397 ; 10 *Ind.*, 146 ; 42 *Maine*, 414 ; 17 *Mass.*, 240 ; 9 *id.*, 272, 138 ; 14 *id.*, 20 ; 13 *id.*, 483 ; 1 *Ohio*, 278 ; 1 *Grimes*, 135 ; 1 *Yeates*, 360 ; 3 *U. S. Dig.*, 376, 427 ; 4 *id.*, 756, 460, 758, 506 ; *id.*, 761, 592 ; 5 *Smeed*, 322 ; 2 *E. D. Smith*, 474, 493 ; 4 *Yeates*, 796 ; 1 *Carter*, 284 ; 4 *Kent Com.*, 428 ; 3 *How. U. S.*, 714 ; 8 *Blackf.*; 83 ; 33 *N. Y.*, 186 ; 2 *Kans.*, 401.

3. The sheriff's return should have shown all the requirements of the law, and of the order, complied with. *Code*, §§ 445, 446, 433, 437 ; *Delaplain* v. *Hitchcock*, 6 *Hill*, 14 ; 16 *Maine*, 209 ; 14 *Mass.*, 20 ; *Goodright* v. *Gillman*, 1 *Yeates*, 300.

4. The sale was void, it being for less than two-thirds of the returned appraisement. (*Code*, § 446.) The undivided half of the lot was never appraised. *Baird* v. *Kirtland*, 8 *Ohio*, 22 ; 3 *Ohio*, 187 ; *Code*, § 446.

5. The sheriff's return shows no levy ; this was necessary, notwithstanding the attachment and order. *Code*, §§ 230, 407, 408, 435, 443, 437.

6. The proceedings do not show that defendant owned the lot sold. As to the necessity of this appearing, 2 *Kans.*, 340 ; *G. Green*, 387 ; 13 *Ohio*, 209.

7. There having been no valid attachment, the judg-

ment and order of sale therein was without jurisdiction. Execution should have issued, returned "No goods," and a levy should have been made before sale. *Civil Code*, § 435, *and sections before cited;* 17 *Ind.*, 513 ; 4 *Mylne & Craig*, 122 ; 4 *Gilm.*, 131 ; 1 *Morris*, 381 ; 4 *Johns.*, 239 ; *Clarke* v. *Holmes*, 1 *Dougl.*, 390, 384 ; *Thacher* v. *Powell*, 6 *Wheat.*, 118.

8. It does not appear that the sale was properly advertised. (*Civil Code*, § 448 ; 1 *Kans.*, 303, 308.) This should appear by the return. 7 *Mass.*, 342 ; 13 *id.*, 483.

9. Defendants in error, being purchasers, do not take as innocent purchasers. 2 *Blckf.*, 1; 2 *Kans.*, 401 ; 5 *How.*, 715 ; 6 *id.*, 22 ; 1 *Ill.*, 141; 1 *Carter*, 24 ; *Broome's Maxims*, 140.

10. Plaintiffs in error were entitled to redeem the premises sold ; hence, the order of the delivery of a deed was error. *Comp. L.*, 769, § 1; 14 *Ill.*, 410 ; 2 *Wend.*, 507 ; 20 *Johns.*, 3.

11. Judicial sales are special statutory proceedings, and even a court of general jurisdiction must follow the statutory requirements implicitly. 6 *Wheat.*, 118 ; 7 *Wend.*, 145 ; 13 *id.*, 165 ; 11 *Ill.*, 636 ; 11 *Mass.*, 512 ; 7 *Wend.*, 151.

*J. Cooper*, for defendants, submitted :

1. Errors in the sheriff's return cannot be revised by this court. None others are assigned that are available. All others assigned are unavailable, because of the lapse of time.

2. It is too late to raise the question as to the propriety of ordering a deed. The law authorizing redemption offers a benefit to the debtor, which does

not affect the creditor. It only applies to contracts made after the operation of the law. There being no redemption, it was proper to order a deed.

3. The affidavit is too ancient to be reached in this proceeding.

4. The sale was in fact for two-thirds of the appraisal of what was sold, though not for two-thirds of all the property sold. This is all the law requires.

*By the Court,* SAFFORD, J.

This proceeding is brought to reverse an order of the district court of Wyandotte county, made Oct. 5th, 1863, confirming the sale of an undivided one-half of lot 5, in block 6, in the city of Wyandotte. Several objections are urged upon our notice by the plaintiff in error, in support of his right to such reversal, but we shall confine ourselves to the consideration of a single one, and that is as to the regularity of the proceedings had in the cause in which the said sale was made and confirmed, and previous to, and including such confirmation. Having reference to the record, which contains all of such proceedings, we find that the case below was one brought under the provisions of our attachment law. At the time of the commencement of the suit, the defendants were non-residents of the state, but as the record shows, they were present by counsel at the trial thereof.

Under and by virtue of the order of attachment issued in said cause, property of the defendants was seized, to wit: The property mentioned above—lot 5, in block 6, in the city of Wyandotte, as appears by the return of the sheriff of Wyandotte county, indorsed on said order of attachment.

Upon trial had between the parties, the court rendered judgment against the defendants for the sum of $1,483.00, debt and costs. And also ordered the sale of the attached property, which order is in these words : "And it is further ordered by the court, that an order of sale be issued, directed to the sheriff of the county of Wyandotte, commanding him to sell the property herein attached."

In pursuance of and in accordance with the terms of said judgment, and order of the district court, an order of sale was duly issued to the sheriff of Wyandotte county, under and by virtue of which he proceeded to cause the said lot 5, in block 6, in the city of Wyandotte, to be appraised, as by law he was required to do, which appraisement was fixed at the sum of $5,000.00, and a copy thereof delivered to the clerk of said district court.

The said sheriff thereupon proceeded to advertise such lands and tenements for sale, at public auction, in the Wyandotte Commercial Gazette, a weekly paper published in said county of Wyandotte.

And after the same had been previously so advertised for more than thirty days, he offered for sale the undivided half of said property, and sold the said undivided one-half thereof, to the plaintiff in said action, and defendant here, for the sum of $1,667. Of all of his said proceedings, the said sheriff made due return to the district court of Wyandotte county, and the said court confirmed the same, and ordered a deed to be made to the purchasers of the property so sold as aforesaid.

It will not be denied for a moment, that in cases of this kind, not only must the law be substantially complied with, but that all of the proceedings, and in each

successive step, must be in harmony with each other, in respect to all matters of substance.

Nor will it be denied that in the issue of process like that issued in this case, the same must be in accordance with the direction and orders of the court commanding it, and that the officer executing such process must proceed in accordance with its terms.

These propositions are too plain to require argument, and that the spirit of the law has not been complied with in this case, is equally plain, as it seems to us. The proceedings are not in harmony with each other. The order of the court was to the effect that lot 5, in block 6, in the city of Wyandotte, should be sold in order to satisfy the claim of the plaintiffs in the case. That such is the fact, there can be no doubt, inasmuch as lot 5, in block 6, was the property "herein attached." But such was not the description of the property actually appraised, advertised and sold.

But if it should be claimed that it was not necessary to sell all of said lot 5, in block 6, in order to satisfy the claim against it, we then ask, what authority had the sheriff to divide—or rather, not divide, and sell as he did or attempted to do? We are frank to say that we know of none, either in the statute or elsewhere. We think that the sheriff acted without the scope of his authority when he attempted, under the circumstances, to sell an undivided one-half of the property in question, and that it was error in the court to confirm such sale. The said order of confirmation is therefore reversed, and the cause remanded for further proceedings.

All the justices concurring.