M. M. BARTLETT'S ADMR. ET AL. *v.* J. L. GRAY'S ADMR. ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—615, as Bartlett's Admr. v. Gray.]

### Individual Purchase by Executrix.

Where one is executrix of a will and buys in property sold at the instance of creditors of the heirs, and takes the sheriff's deed as an individual and not as executrix, the presumption is that she claimed the purchase for her individual benefit and not as executrix.

### Duty of Executrix to Protect the Estate.

An executrix will not be permitted to purchase the land belonging to the testator and reap a personal benefit from such purchase. Instead of standing by and permitting the lands to be sold to pay debts, she should pay off the debts and save the estate upon which she is administering, but in no event will she be permitted to reap a personal benefit by speculating in such lands.

### Creation of a Trust.

Where an executrix without the consent of the heirs and devisees buys in the property of the estate, even though she takes a deed in her individual name, a trust results in favor of such estate.

### APPEAL FROM GREENUP CIRCUIT COURT.

January 6, 1883.

OPINION BY JUDGE HARGIS:

The execution which was levied on the undivided interest of Scott's heirs in the Scott and Mosby patent of 9,759 acres was issued against John L. Gray as well as Lewis Postlewait and others, and Mrs. Gray, the wife of John L. Gray, and his executrix, bought the undivided interest aforesaid at the sale under that execution.

The important question therefore is, Did she buy the undivided interest of Scott's heirs as executrix or in her individual capacity? As she took the sheriff's deed to herself, and not as executrix, the presumption is that she claimed her purchase for her personal benefit, but whether she will be permitted to do so is a question.

Her testator was jointly bound for the execution debt for which the land was sold. The sale of his codefendant's interest, while it paid the debt, did not relieve his estate from at least the obligation and duty to pay his pro rata share of the execution. So we find his executrix buying the land of his codefendants at great

profit, with property of his estate, and at the same time leaving unpaid his share of the identical debt for the payment of which she bought it. Instead of standing by and seeing the lands or any part of the lands of his codefendants sold to pay his obligation and becoming the purchaser in her own private right, the executrix ought to have paid his share, and to that extent prevented the sale; and as she did not do this she will not be allowed to hold the land and leave the obligation of her testator outstanding. Such a process, had she pursued it as to all of his indebtedness for which others might have been bound as his sureties, would have left such debts unpaid by the estate but found her with the title to the property sold for their payment.

But the record is convincing that she must have paid for the land out of the property dedicated by her husband's will to the payment of his debts, and that she really bought it as executrix and had the deed made to her individually. Having done so without the consent of the heirs or devisees of her testator, and not in conformity to any provision of the will, a trust resulted in favor of the estate of her testator, as she only took a life estate under his will. It follows that the sale of the undivided interest for which the deed was made to her, under the two executions, one of which was issued against her individually and the other as executrix, did not pass the legal title to the appellee, Bennett, who was the purchaser. But, as counsel for appellants concedes his right to a lien for his purchase-money and interest, Bennett on the return of the cause will be adjudged a lien on the said undivided interest of Scott's heirs in the Scott & Mosby patent lying outside of the boundary of "the home farm" for his purchase-money, interest and subsequently accruing costs.

Neither Mrs. Bartlett nor her husband was shown to be an executor *de son tort* of her mother. Mrs. Gray in her lifetime put herself and bedding, etc., in the care of her daughter, Mrs. Bartlett, whose possession was the result of the act of her mother; and having made no claim to the bedding, etc., except as a mere depository for safe keeping, Mrs. Bartlett ought not to have been charged with its supposed value in the absence of any allegation or proof of a conversion thereof.

There is a proper mode of administering upon the effects of Mrs. Gray found in a foreign state, and we know of no law that requires Mrs. Bartlett under a rule of court to go to the expense

of transferring the bedding to Kentucky which her mother lawfully took out of Kentucky, simply because Mrs. Bartlett resides or the bedding, etc., is beyond the jurisdiction of the court.

The judgment fails to describe the land ordered to be sold. It can not be determined from the judgment where the land lies or what land is to be sold under it. The survey should have preceded the rendition of the judgment, which should be definite enough to guide the commissioner in ascertaining the land to be sold. There is no sufficient reference in the judgment to any survey or description of the land in the record to cure the defective description by it of the land.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

E. F. Dulin, for appellant.

B. F. Bennett, for appellees.

[Cited, *Thompson v. Brownlie,* 26 Ky. L. 622, 76 S. W. 172; *Nulback's Exr. v. Read,* 25 Ky. L. 1130, 77 S. W. 204.]