## John McDyer v. Martin Scaggs.

[Abstract Kentucky Law Reporter, Vol. 7—222.]

**Lands of Ancestor Liable for His Debts.**

Where one dies the owner of real estate which, because of the fact that the personal property is inadequate to pay the decedent's debts is sold by an administrator to pay debts, such a purchaser can not be deprived of the land by the heirs of such decedents who were all made parties in the proceedings to sell.

**Description of Land in Judgment of Sale.**

A description in a judgment of sale of real estate which is imperfect or insufficient, will withstand a collateral attack.

APPEAL FROM LAWRENCE CIRCUIT COURT.

September 24, 1885.

Opinion by Judge Pryor:

The action in this case was originally in the nature of an ejectment, but finally transferred to the equity docket. The appellants and appellee both claim to own the land in controversy, with the

appellee in possession and nothing prevents that possession from barring the right of recovery but the disabilities under which the appellants say they were laboring while the appellee held and claimed the land as his own. Without discussing the effect of the pleadings or the necessity of proof on the part of appellants showing that their alleged disability existed, the appellants must nevertheless show such a possession and right as would authorize a recovery. The amended answer alleges that the ancestor of the appellants owned this land, and at his death, the personal estate being insufficient to pay his debts, the same was sold on the petition of the administrator against his heirs and creditors for the payment of his debts, and purchased by Samuel Shoat; the said Shoat paying the purchase-money. The sale was confirmed and a deed ordered to be made, and that Shoat had sold the land to the appellee.

That Shoat purchased the land there can be no doubt, and the fact that the original petition has been lost or mislaid having been established, the judgment and orders in the case were properly proven by the clerk and copied into the record. Nor does the amended answer fail to state that this particular tract was sold, but it is alleged in express terms that this was one of the tracts sold by the commissioner.

Shoat says he bought this land and when going to look at it found this appellee in possession and sold to him. He then had been in possession more than fifteen years. Copies of the orders of court are in this record showing a confirmation of the sale and the direction to the commissioner to make deeds; also the judgment upon which the sales were based. While the judgment may not sufficiently describe the land, in a collateral proceeding like this where the land is identified as the land sold and the party in possession for many years, claiming under his purchase, the proceeding will not be held void at the instance of the debtor or his heirs. The remedy is by an appeal when the commissioner is unable to identify the land from the judgment, or the want of description such as would prejudice the rights of the debtor by leaving those desiring to purchase in doubt as to their rights.

A possession for such a length of time where the right to sell is established and the land sold clearly identified by the proof, will not be disturbed for the reason alone that it is not described in the judgment. This was certainly an equitable defense by the appellee

and we are not prepared to say that if the amended answer had not been filed a recovery could have been had, but as it was filed and presented a complete defense to the action it is not necessary to discuss the other questions raised.

Nor was it an abuse of discretion by the court below in permitting this pleading to be filed, but on the contrary it was proper to do so, as the facts, if true, showed that the appellants had no right to the land in controversy and that it had been sold to pay the debts of their ancestor and the purchase-money accounted for.

Judgment *affirmed*.

*J. E. Stewart, for appellant.*

*Wm. M. Fulkerson, for appellee.*

[Cited, *Thompson v. Brownlie,* 25. Ky. L. 623, 76 S. W. 172.]