CASE 32—PETITION EQUITY—October 27.

# McMurtry v. The Montgomery Masonic Temple Company, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. THE DIRECTORS AND MANAGERS OF A CORPORATION may maintain an action against the corporation for the collection of their demands against it, and to subject property of the corporation mortgaged to secure their demands; and neither the judgment nor the purchase of the property under it by the plaintiff will be held to be fraudulent, or in trust for other creditors.

2. ACTION TO SET ASIDE FRAUDULENT JUDGMENT AND SALE.—A creditor of a corporation can not maintain an action to set aside for fraud such a judgment against the corporation, and the sale under it, in the absence of a judgment on his demand and execution returned *nulla bona*. A mere allegation of the insolvency of the corporation is not sufficient.

3. JUDICIAL SALES—REVIVOR.—The sale having been made and con firmed before the death of the purchaser, one of the plaintiffs, the property was then as much beyond the reach of the creditor as if the deed had been made. Therefore, it is immaterial whether or not the action had been revived when the deed was made.

4. PARTIES TO ACTIONS.—A mortgagee is not required to make a creditor who has no lien a party to his action to enforce his mortgage lien.

5. JUDGMENTS.—Although a decree for the sale of mortgaged property

of a corporation provided that the sale should be made subject to certain bonds issued by the corporation, which were a lien on the property, without the amount, number or time for the payment of such bonds being fixed in the judgment, the court will presume, in an action to set aside the sale, that any one desiring to bid at the sale might have ascertained, by an inspection of the record, the extent of the incumbrance by reason of the bonds.

TURNER & SON for appellant.

The facts alleged in petition and amended petition constitute a constructive trust, and show a right of recovery in appellant. (Covington & Lex. R. R. Co. v. Bowler, 9 Bush, 468; Martin v. Martin, 16 B. M., 8; Green v. Ball, 4 Bush, 586; Mullin v. Antle, 2 Bush, 408.)

WM. LINDSAY for E. M. APPERSON, appellee.

Conceding the trust as alleged, no action will lie until the demand is reduced to judgment and an attempt to enforce by execution.

JUDGE LEWIS delivered the opinion of the court.

Appellant, McMurtry, instituted this action in equity against appellees, The Montgomery Masonic Temple Company, a corporation, Jas. M. Jones, administrator of D. B. Jones, E. S. Apperson, executrix of R. A. Apperson, Jr., and in her own person, Lewis De Bard and Jas. Turley, praying for a sale of a building and grounds alleged to be the property of said corporation, and held in trust by E. S. Apperson for the benefit of its creditors, for the payment of the proceeds of such sale when made to appellant in satisfaction of an alleged balance due to him by it, for a settlement of the affairs of the corporation, its dissolution, and for general and special relief.

The allegations of the petition and amended petition, to both of which a general demurrer was sustained, are, in substance, as follows:

That in pursuance of a contract between appellant and the corporation he constructed said building,

worth at the contract price thirty-three thousand nine
hundred and seventy-two dollars and thirty-five cents,
of which thirty thousand and fifty-three dollars and
ninety-six cents, and no more, has been paid, leaving
due and unpaid the sum of three thousand nine hun-
dred and eighteen dollars and thirty-nine cents, and in-
terest thereon from January 1, 1871. That, subsequent
to that date, Rankin & Co. instituted an action in the
Fayette Circuit Court to recover of him six hundred
dollars, value of labor done on and materials furnished
for said building, to which action said corporation was
made a defendant, its alleged indebtedness to McMur-
try being attached. And in that action it was ad-
judged that said corporation was indebted to appellant
the sum mentioned, three thousand nine hundred and
eighteen dollars and thirty-nine cents. But as it had
not been served with summons in Fayette county, the
only judgment rendered against it was in favor of
Rankin & Co. for six hundred dollars.

It is further alleged by the appellant that, by au-
thority under its charter, the corporation issued bonds
which were in lien upon its property, to pay for the
completion of said building, a part of which were
issued and made payable in 1880. He says he does
not know how many of such bonds were issued and
sold, but has been informed and states that only two
were actually sold and accounted for, netting the sum
of two thousand dollars, and only ten thousand dollars
thereof were actually executed for sale, the other eight
thousand dollars being held by L. De Bard and R.
Apperson, Jr., to indemnify them for money advanced
to the corporation and securityship for it. That No-

vember 10, 1875, after the bonds mentioned were issued, said corporation mortgaged its building and lot on which the same is situated to Jas. Turley, L. De Bard and R. Apperson, Jr., to secure them in the debts and liabilities named in the mortgage. That November 22, 1875, the mortgagees instituted an action to subject the property to the payment of alleged indebtedness to them, and under judgment rendered therein the property was sold January 17, 1876, and purchased by R. Apperson, Jr., at the price of eleven thousand dollars, the sale being made subject to the bonds owned by De Bard and Jones, without fixing the number of the bonds, the amount or time of the payment thereof.

He further states that said De Bard, Turley and Apperson were, at and prior to the time of said sale, directors and the managing agents of the corporation, and, as a building committee, attended to its business from its organization until the sale. That the property was worth at the time it was sold at least twenty-five thousand dollars, and Apperson was one of the attorneys for the plaintiff in the action for the sale. That in January, 1878, R. Apperson, Jr., died, and subsequently, without an order of revivor, the master commissioner of court undertook, in the name of Jas. Turley and Lewis De Bard, to convey to E. S. Apperson, executrix, all the right, title and interest of the corporation in said property, subject to the bonds held by De Bard and D. B. Jones, neither the latter in his life-time, nor his administrator, Jas. M. Jones, having been made a party to the action.

It is further stated that, at the institution of said

action for the sale of the property, De Bard, Turley and Apperson each knew of the existence of appellant's claim against the corporation, and also knew who held each of said bonds, and how they were held. That said corporation is substantially dissolved, and is no longer acting as an organization under its charter, and is insolvent.

It is further alleged that the sale made to R. Apperson, Jr., was actually or constructively fraudulent, and that his executrix, under the circumstances, holds the legal title, if invested with it at all, in trust for the use and benefit of the corporation, its creditors and stockholders.

This action was commenced November 24, 1884, about nine years after the judgment for the sale of the property, and nearly fifteen years after the demand sued on is alleged to have been due and owing. And although appellant states the contract between him and the corporation was evidenced by writing, he does not file it with his petition as an exhibit. No copy of the record, in either the action instituted in the Fayette Circuit Court, or the one in the Montgomery circuit for sale of the property, nor the mortgage or deed referred to, is filed.

He alleges the corporation is substantially dissolved, yet the president thereof appears to have been served with summons, and is a party to this appeal. It seems to us, therefore, that the mere allegations of its insolvency will not avail appellant in the absence of any judgment on his demand and execution returned *nulla bona*.

But even if he was in the attitude to attack the judg-

ment and sale of the property as fraudulent, the allegations of his petition do not constitute such a cause of action.

It is stated that the corporation mortgaged the building and lot to Turley, De Bard and Apperson to secure them in the debts and liabilities named in the deed. In the absence of the mortgage and any allegation in the petition to the contrary, those debts and liabilities must be assumed as subsisting and just demands against the corporation, and the amount of eleven thousand dollars bid for the property by Apperson at the sale as no more than enough to pay the mortgaged debts and costs of the action. And if they were just demands, we do not perceive wherein the action to subject the mortgaged property to their payment was not rightfully brought, or how the purchase of the property by Apperson could, nine years thereafter, inure to the benefit of other creditors not before the court nor having any lien upon it.

It may, as alleged, be true that the mortgagees were aware of the existence of appellant's claim at the time they commenced their action, but as he had no lien upon the property, they were not required by any provision of the Code or rule of equity to make him a party.

It is alleged that the property was sold by the terms of the judgment subject to the bonds held by De Bard and Jones, without the amount, number or time for the payment of such bonds being fixed in the judgment, and the property was thereby purchased at a less price than it would otherwise have sold for.

As the judgment made the right of the mortgagees

subordinate to that of the bond-holders, it is fair to presume, in the absence of the mortgage, that in it the character and amount of the bonds were set forth, and also stated in the petition filed by the mortgagees. At most, we are not authorized from the allegations of the petition in this case to presume there was any fraudulent concealment in regard to the bonds, or that any one desiring to bid at the sale might not have ascertained, by an inspection of the record, the extent of the incumbrance on the property by reason of the bonds. But in any state of the case the allegations of the petition in this case show the property was sold for nearly if not quite its full value, as estimated by appellant himself. For the amount bid by Apperson, eleven thousand dollars, added to the amount of the bonds issued, ten thousand dollars, without reckoning the accumulated interest on them, make within about fifteen per cent. of what appellant alleges the property was worth.

Whether or not the action had been revived when the commissioner's deed was made to the executrix of Apperson is not material, for the sale was made and confirmed by the court before Apperson died, and the property was just as much beyond the reach of appellant as if the deed had been regularly made.

Nor does it make any difference whether D. B. Jones, holder of some of the bonds, was or was not a party to that action. For he was not prejudiced, nor does his administrator, who is a party defendant and appellee in this action, complain of the judgment or sale under it.

In our opinion the mortgagees had the right, though

directors and managers of the affairs of the corporation, to maintain an action against it for the collection of their demands, and to subject the mortgaged property. And as it is not alleged by appellant either that their demands were unjust, or that the mortgaged lien was not fairly and honestly acquired, we do not perceive wherein the judgment or purchase of the property under it was actually or constructively fraudulent, or upon what principle such purchase can be now adjudged to be in trust for the benefit of other creditors, who, like appellant, by their own laches failed to attack the mortgage, or to enforce their own demands. Moreover, even if appellant had been a party to that action, he could not have subjected the property to pay his debt until the mortgage debts and bonds had been satisfied.

The lower court, we think, properly sustained the demurrer, and the judgment is affirmed.

Judge HOLT not sitting.