CASE 110—PETITION ORDINARY—JUNE 9.

## Blackwell, &c., v. Townsend, &c.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

1. A PETITION TO SUBJECT LAND TO THE DEMAND OF THE PLAINTIFF MUST DESCRIBE IT so that it may be identified. Such a description is necessary to give the court jurisdiction, and if the land is not thus described, a sale of it under judgment of the court will pass no title, and may be attacked in any collateral proceeding.

2. JUDICIAL SALES—SALE OF LAND OTHER THAN THAT DESCRIBED IN PETITION.—A sale of land under judgment of court is void if the land sold is not that described in the petition.

3. SAME.—A petition filed by an administrator alleged that his intestate "was seized and possessed, at the time of his death, of a tract of —— acres of land lying in Estill county, and the same whereon he resided at the time of his death," a sale of which was asked to pay debts. No title papers were filed. The judgment for the sale of the land described it as it was described in the petition. The commissioner sold and conveyed two tracts of land lying in Estill and Powell counties. Held—That the judgment was erroneous, but whether the petition was so defective as to render the sale void is not determined. But as a part of the land sold was certainly not the land described in the petition, the sale of that part, which is the land in controversy, was void.

B. F. BUCKNER FOR APPELLANTS.

1. The judgments confirming the sale and approving the conveyance of the land are valid and binding, and operate to bar by estoppel all the parties to the record, notwithstanding previous errors and irregulari-

ties of the court. (Dawson v. Litsey, 10 Bush, 411; Logan v. Steele's Heirs, 7 Mon., 102; Wagner v. Dubois, 19 Ohio, 104; Wilson v. Smith, 22 Gratt., 503; Gemmell v. Reed, 13 Minn., 403; 7 Robertson's Practice, 15; Jennings v. Stafford, 1 Ired., 406; Choteau v. Nuckolds, 20 Mo., 445; Sheldon v. Newton, 3 Ohio St., 494; Crosby v. Wickliffe, 12 B. M., 202.)

The sale is a mere offer until confirmed by the court. The orders approving the sale and the conveyance are the essentials to the devolution of the title. (Campbell v. Johnson, 1 Dana, 186; Forman v. Hunt, 3 Dana, 622; Downing v. Collins, 2 B. M., 97; Nesbit v. Gregory, 7 J. J. M., 271.)

2. No squatter, intruder or other person against whom the possessor might maintain trespass for an entry can put the prior peaceable possessor on proof of his title, nor defeat a recovery by proof of an outstanding title in a stranger. (Fowke v. Darnell, 5 Litt., 317; Sowder v. McMillan, 4 Dana, 462; Myers v. McMillan, 4 Dana, 486.)

W. M. BECKNER on same side.

1. The description of the land given in the petition was sufficient to pass the title, it being made certain by the conveyance. (Malone on Real Property Trials, 288; Melvin v. Proprietors Locks and Canals, 5 Met. (Mass.), 54.)

If the court had jurisdiction, no irregularity in its proceedings could render its acts void, or even questionable collaterally. (Shackleford v. Miller and Wife, 9 Dana, 277; Dorsey, &c., v. Kendall, &c., 8 Bush, 298.)

The order of confirmation made the sale good until reversed by the appellate court. (Rorer on Judicial Sales, 127; Dawson v. Litsey, 10 Bush, 410.)

2. Mere possession is sufficient, in a suit of ejectment, to oust trespassers. (Fowke v. Darnell, 5 Litt., 320; Ratcliff v. Belfont Iron Works Co., 10 Ky. Law Rep., 643; 2 Greenleaf's Evidence, 311; Burt v. Punjant, 99 U. S., 182; Churty v. Scott, &c., 14 How., 292.)

If one enters under even a void grant, it is a disseizin of the true owner. (Washburne on Real Property, 493.)

Where one seeks to recover a previous possession alone, it is a question of fact for the jury. (Adams v. Tiernan, 5 Dana, 396.)

S. F. J. TRABUE, JR., WM. CROMWELL for appellees.

1. The description of the land in the petition in the case of Townsend's Adm'r v. Townsend's Heirs was so indefinite that the sale did not pass the title. (Civil Code, sec. 125; Lawless v. Barger, 9 Bush, 665; Gooch v. Benge, 12 Ky. Law Rep., 370.)

2. If any effect whatever can be given the proceeding referred to, it could not operate to pass the title to lands outside of Estill county, as the

petition expressly confines the suit for a sale to a tract in that county. A sale of land not mentioned in the petition is void (Rorer on Judicial Sales, secs. 73, 74, 474; Frazier v. Steenrod, 7 Iowa, 345; Shriver's Lessee, v. Lynn, &c., 2 How., 60.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The administrator of James Townsend, deceased, brought an action in the Estill Circuit Court to sell his decedent's land to pay his debts. The following is the only statement of title to the land or description of it given in the petition : "That said James Townsend, Sr., was seized and possessed, at the time of his death, of a tract of —— acres of land lying in this (Estill) county, and the same whereon he resided at the time of his death."

No title papers appear in the pleadings; nor is there any paper filed with the pleadings that shows a description of the land other than the allegations quoted. Judgment was rendered for the sale of the land as it was described in the petition. The commissioner advertised the sale of the land, and reported the sale of it by the same description quoted, and the court confirmed his report, and ordered the deed made to the purchasers by the same description; but the commissioner conveyed by deed to the purchasers two tracts of land, by metes and bounds, lying in Estill and Powell counties—one containing six thousand nine hundred and nineteen acres, and the other containing five hundred acres. The purchasers relied on this deed as a link of their title in an action of ejectment against the appellees, who were claiming a part of the land by adverse possession. This deed being essential to the appellants' right to recover the

possession of the land, and the court deeming that it conferred no title upon them, instructed the jury to find for the appellees.

There is no doubt that the action by James Townsend's administrator to sell the decedent's land was an action *in rem.* In such action it is as essential for the court to have actual jurisdiction of the particular thing as it is for it to have actual jurisdiction of the parties. Jurisdiction of the latter can only be acquired by citing them to appear by lawful authority, and in the manner prescribed by law. Jurisdiction of the former can only be acquired by bringing the thing before the court in the manner prescribed by law, to wit: "A petition for the recovery of land, or for its subjection to a demand of the plaintiff, must describe it so that it may be identified." (Section 125, Civil Code.) If the land is not thus brought before the court, the court has no jurisdiction of it, and a sale of it under judgment will pass no title. If jurisdiction of the court has not attached to the particular land, the sale of it is void; consequently it may be attacked in any collateral proceeding involving the title acquired by such sale. But such sales are not affected in collateral proceedings on account of mere defective pleadings or other irregularities that do not affect the jurisdiction of the court. Direct appeal in such a case is the only remedy. If, however, as said, jurisdiction is wanting in the court, the sale is void. (Dorsey v. Kendall, 8 Bush, 294.) In the latter case the report of the commissioner of the sale and the confirmation of the report can not give validity to the sale, because the jurisdiction of

the court must attach to the thing before it can order its sale, and as that jurisdiction is wanting, the sale, report of it, and its confirmation, are nullities. Although the petition may describe the land defectively, yet, if it may be identified by the description, the court has jurisdiction, and the order of sale, report of sale, its confirmation, and deed substantially conforming, but curing the defects, &c., the sale is not void. The description quoted was certainly defective, but whether or not it was defective enough to deprive the court of jurisdiction it is unnecessary to decide, for the reason that land sold and conveyed does not conform to that described in the petition. It is as essential that the land sold should substantially conform to that described in the petition as it is that the land should be described "so that it may be identified." A want of such conformity, as if the sale is of a different tract of land from that described in the petition, renders the sale void. (Rorer on Judicial Sales, sec. 63, 2d ed. ; Wheatly v. Tutt, 4 Kan., 195.)

This is the reason of the rule: As the land must be described "so that it may be identified" in order to give the court jurisdiction, it follows that the sale of a different tract of land under the decree is a sale of land without the required description; hence, the sale is void. Here the land is described as —— acres, lying in Estill county, on which the deceased lived. The commissioner sold and conveyed two tracts of land lying in Estill and Powell counties, a part of which is certainly not the land described in the petition, and the parcels of land in controversy compose

that part, the sale of which was void; consequently, the instruction was correct. We do not wish to be understood as intimating that the sale of no part of said land was valid. We do not express an opinion thereon. Nor do we decide that the purchasers of said land are not entitled to any appropriate action to the end of subjecting said land to the payment of the purchase money, &c.

The judgment is affirmed.