CASE 89.—ACTION BY THOMPSON, &c., AGAINST BROWN-
  LEE, &c., TO WIND UP THE AFFAIRS OF A MIN-
  ING CORPORATION.—October 13, 1903.

## Thompson, and others v. Brownlie, and others.

Appeal from Laurel Circuit Court.

From the judgment Thompson, etc., appeal—
Reversed.

1.   Judgment—Failure to Describe Lands Ordered Sold.—The
     judgment in an action instituted for the purpose of liquidating
     the affairs of a corporation, directing the sale of lands
     owned by the corporation, is not void because neither the
     petition nor the judgment described the lands, and cannot
     be set aside after the term at which the sale was confirmed,
     although such failure would have been reversible error on
     appeal.
2.   Same—Caveat Emptor.—While it is to the interest of parties
     that all holders of liens on property to be sold by order of
     the court should be made parties to the action, yet where
     the holder of a lien was not made a party, it was not error
     to adjudge the title to be sold as it was, and a purchaser
     is not entitled to have such sale set aside, the doctrine of
     caveat emptor applying especially to judicial sales.

HAZELRIGG & CHENAULT and W. L. BROWN for appellants.

SAM.C. HARDIN for appellee J. McNeil.

OPINION OF THE COURT BY JUDGE O'REAR—Revers-
ing.

In this suit to wind up the affairs of a mining
corporation, the petition failed to describe the real
estate owned by it. A judgment was entered
appointing a receiver to take charge of all the prop-

erty of the corporation, real and personal, and to sell so much of it as was necessary to pay its debts, and distribute the remainder among the stockholders. The amount of the indebtedness had not been ascertained, nor was the property described in the judgment of sale. At the sale appellee McNeil became the purchaser. The receiver's report of sale to McNeil was confirmed in 1895. In 1897 McNeil filed objections and exceptions to the report, on the ground that the property had not been described in the petition and judgment. He insists that the judgment and all proceedings under it were void.

It has been decided by this court in Carpenter v. Strother's Heirs, 15 B. Mon., 295, and in Megowan v. Pennebaker, 3 Metc. 502, that a sale cannot be set aside after the expiration of the term at which it is confirmed unless the judgment was void. Dawson v. Litsey, 10 Bush 411, decides that an order confirming a sale made under the judgment of a court is final. Bean v. Haffendorfer, 84 Ky., 685, 2 S. W. 556, 3 S. W. 138; Kincaid v. Tutt, 88 Ky., 392, 11 S. W. 297; section 518 Civil Code.

The question, therefore, recurs in this case, whether the judgment under which the land was sold is void. Section 125 of the Civil Code requires that a petition for the recovery of land, or for its subjection to a demand of the plaintiff, must describe it so that it may be identified. Under this section it was held in Blackwell v. Townsend, 91 Ky. 609, 16 S. W. 587, that where neither the petition nor the judgment of sale nor the order confirming the sale described the land at all so that it could be identified, a judgment for the sale of so much of the land as did not lie in the county where the action was pending was void. The court held that the jurisdiction to

sell real estate depended upon the statement of certain facts, and that the existence of those facts must appear affirmatively in the record. This action, however, is not one to recover land, nor to subject it to a demand of the plaintiffs. It is for the liquidation of the affairs of a corporation, brought in a court having jurisdiction, in which the sale of certain real estate owned by the corporation came to be decreed as an incident of the suit. We do not doubt that it would have been more regular to have described the land in the judgment, so that it might be identified from the judgment, and that the failure to describe it is reversible error. Knott v. Johnson, 3 Ky. Law. Rep., 330; Bartlett's Admr. v. Gray, 4 Ky. Law Rep. 615; McDyer v. Scaggs, 7 Ky. Law Rep. 222; Terry v. Swinford (Ky.) 41 S. W. 553.

We are aware of no authority nor reason for holding that a judgment of sale of real estate in such a proceeding as this, where the judgment did not describe the land sold, was void. Where a sale is erroneous only, the purchaser will not be relieved on that account if the proceedings in the conduct of the sale were regular. May v. Ball (Ky.), 60 S. W. 722; Blake v. Wolf (Ky.), 64 S. W. 910; Scott v. Ford's Ex. (Ky.), 50 S. W. 552; Haynes v. Payne, 5 Ky. Law Rep., 242.

Another objection urged against the sale by the purchaser was that a part of the land which he bought was incumbered, there being a lien of $100 owing to the vendor. While it may have been to the interest of the parties that the holders of all liens against the property should have been parties to the action, so that the property might have been sold free of incumbrance, yet where the holder of a lien was not a party to this action, it was not error to

adjudge the title held by the corporation to be sold as it was.   Certain, the judgment of sale was not void.   The purchaser bought only such title as the corporation had.   He has received, or can receive, all that was sold.   The doctrine of caveat emptor applies especially to judicial sales.   McMurtry v. Montgomery, etc., Co., 86 Ky., 206, 5 S. W., 570.

The judgment of the circuit court setting aside the sale and quashing the sale bonds is reversed, and cause remanded for further proceedings consistent herewith.