WALKER v. McLOUD et al.

(Circuit Court of Appeals, Eighth Circuit. May 23, 1905.)

No. 2,178.

1. INDIANS—SALE OF IMPROVEMENTS OF NONCITIZEN BY SHERIFF—VALIDITY.

Act Oct. 30, 1888, of the Choctaw Nation (Laws 1894, p. 248), which directs sheriffs to advertise for sale improvements owned by noncitizens of the nation who fail to sell the same as required by the act, and to "sell the same at the appointed time to the highest Choctaw citizen bidder for cash," does not authorize a sheriff to make a sale of such improvements on credit, and such a sale is void and conveys no right or title to the purchaser.

2. SAME—RECOVERY OF IMPROVEMENTS FROM INTRUDER.

That a defendant is an intruder in possession of improvements in the Indian Territory, in violation of the law of the Indian nation, affords no ground for the recovery of such improvements by a plaintiff who shows no title thereto.

Appeal from the United States Court of Appeals in the Indian Territory.

For opinion below, see 82 S. W. 908.

W. N. Redwine, Preslie B. Cole, and W. H. Jones, for appellant.

C. B. Stuart, for appellees.

Before VAN DEVANTER and HOOK, Circuit Judges, and ADAMS, District Judge.

PER CURIAM. This appeal challenges a decree of the United States court for the Central District of the Indian Territory dismissing upon the merits the complaint in equity of the appellant's testator whereby the latter, as plaintiff, sought to obtain the possession of certain lots in the town of South McAlester, in the Choctaw Nation, and to be quieted in such possession and in the title to the improvements on such lots, and to enjoin a sale thereof under a trust deed. The decree was affirmed by the appellate court in the Indian Territory (82 S. W. 908). The plaintiff's claim rests upon a sale made by the sheriff of Tobucksey county, Choctaw Nation, April 24, 1894, under an act of the Choctaw Legislature approved October 30, 1888. (Laws Choctaw Nation 1894, p. 248), which reads as follows:

"All noncitizens not in the employ of a citizen of the Choctaw Nation and not authorized to live in the Choctaw Nation under the provisions of existing treaty stipulations who have made or bought improvements in said nation, are hereby notified that they are allowed to sell their so-called improvements to citizens, and if such noncitizens fail to comply with this section, then it shall be the duty of the sheriffs of the counties in which such improvements may be located to advertise the same for sale in thirty days; and sell the same at the appointed time to the highest Choctaw citizen bidder for cash; one half of which shall be paid into their respective treasuries, and the other half into the national treasury. Provided, however, that if any such noncitizen fail or refuse to deliver the possession of such an improvement he shall be reported by the sheriff of that county to the principal chief and by said chief to the United States Indian agent, to take proper steps for the removal and prosecution of such offender under section 2118 of the Revised Statutes of the United States. Provided, further, that a notice of sale shall be posted by the sheriff in three public places in his county, which shall be legal notice to all persons against whom this law may operate."

At the sale the plaintiff and two other Choctaw citizens purchased the improvements upon a bid somewhat in excess of $270, for which the sheriff accepted their promissory notes payable to himself and his successor in office when the purchasers should be put in possession by the Choctaw Nation or should obtain possession otherwise. Possession was not obtained by the purchasers and the notes have not been paid. The interest of the other two purchasers was conveyed to the plaintiff. The reasonable value of the improvements at the time of the sale was $60,000, and their reasonable rental value was $300 per month. The defendants and those whom they represent, as is claimed, were at and before the time of the sale noncitizens of the Choctaw Nation, not in the employ of a citizen of the nation, and not authorized to live in the nation, and yet at that time they were, and ever since then they have continued to be, in the possession of the improvements under a claim of right thereto.

Several objections are made to the plaintiff's title or right of recovery. But one of them will be considered. The act of the Choctaw Legislature under which the plaintiff claims did not purport to transfer the title or right to improvements made or bought by a noncitizen, except upon a sale by the sheriff "to the highest Choctaw citizen bidder for cash." An officer making a sale under such a statute must yield obedience to its directions. He cannot sell up-

on credit or accept any other than an unconditional cash bid. So, also, a purchaser whose bid is made and accepted in disregard of the directions of the statute, or who does not pay the purchase price, acquires no interest in or right to the property. Hooper v. Castetter, 45 Neb. 67, 76, 63 N. W. 135; Phelps v. Jackson, 31 Ark. 272, 278; People ex rel. v. Hays, 5 Cal. 66; Negley v. Stewart, 10 Serg. & R. 207; Robins v. Bellas, 2 Watts, 359; Wheatley v. Tutt, 4 Kan. 195; Swope v. Andery, 5 Ind. 313; Reynolds v. Wilson, 15 Ill. 394, 60 Am. Dec. 753. The sale under which the plaintiff claims was so obviously and so grossly in violation of the directions of the statute that it was and is of no effect.

It is not necessary to consider whether the defendants are intruders in the Choctaw Nation and are holding these improvements in violation of its law, because if they are the plaintiff has no right to disturb them. Hockett v. Alston, 49 C. C. A. 180, 110 Fed. 910. The duty of enforcing the Choctaw laws in this respect, and of removing intruders from the Choctaw Nation, is by law confided to others. Morris v. Hitchcock, 194 U. S. 384, 24 Sup. Ct. 712, 48 L. Ed. 1030; Buster v. Wright (C. C. A.) 135 Fed. 947.

The decree is affirmed.