## Pierce v. Richardson et al.

Dec. 17, 1943.

Charles Ferguson for appellant.

H. Pate Wells for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The action was instituted by appellant against appellees to quiet his title to a triangular strip of land in Livingston County. Appellees denied appellant's title and counterclaimed, asking that their own title to the strip be quieted. The Chancellor dismissed both petition and counterclaim, and adjudged the strip in question to be vacant land, and that neither of the parties was entitled to its possession. No cross-appeal has been filed; therefore, we are without jurisdiction to determine whether that part of the judgment decreeing that appellees have no title to the property is erroneous. The sole question for determination is the soundness of that part of the judgment which decrees that appellants do not have title to the property. Both claim through W. H. Alsobrook, who mortgaged a tract of land to the Salem Bank. The mortgage was foreclosed and the

property purchased by the Bank. The Bank conveyed the property to appellant, who occupied the land so conveyed for six years prior to the institution of the action. It is conceded that the strip of land in question is not contained in the inclosure described in either the mortgage to the Bank, the deed of the Master Commissioner to the Bank, or the deed from the Bank to appellant, Pierce.

Appellant did not seek to reform his deed, but merely contends that the description should have included the property. In the absence of adverse possession for fifteen years, appellant's only claim to the property is through his purchase from the Bank, and the Bank's purchase from the Master Commissioner at the sale in the action to foreclose the mortgage lien. The Bank could not claim a lien on more land than the mortgage recited. Obviously, the Master Commissioner could not convey more land than was mortgaged to the Bank; therefore, the Bank at the foreclosure sale could not purchase more land than was sold, nor could it convey more land than it owned. It follows that the possession of Pierce is confined to the property described in his deed, which it is conceded does not include the property in dispute.

The judgment is affirmed.

Whole Court sitting.