## BELCHER et al. v. HUNT et al.

Court of Appeals of Kentucky.

May 2, 1952.

E. J. Picklesimer, Pikeville, for appellants.

J. E. Childers, Russell Vanover, Pikeville, for appellees.

CLAY, Commissioner.

This action was brought by appellees to recover possession of two tracts of land from which they had been evicted, and to recover damages for their eviction. The Chancellor restored possession and allowed $600 damages.

In 1930 appellees owned three tracts of land, which we shall designate 1, 2 and 3. In that year they mortgaged tract 3. About a year later the mortgage as foreclosed, and judgment was entered by default. By mistake the description in the judgment included tracts 1 and 2, as well as 3. This judgment was not appealed.

In 1938 the purchaser at the judicial sale assigned his interest to appellants, and a commissioner's deed describing all three tracts was executed and delivered to them. In 1950 appellants had a writ of possession issued, and appellees were evicted by the sheriff. Some of their furniture and other personal property was damaged in the process.

The validity of the foreclosure judgment, insofar as it affected the title to tracts 1 and 2, is brought in question. Unless that judgment was void as to those tracts, it may not be attacked in this collateral proceeding.

It is elemental that a judgment must conform to the pleadings. Where the judgment grants relief beyond that prayed in a petition, it is void as to the excessive relief granted and may be collaterally attacked. See 31 Am.Jur., Judgments, Sections 516, 587, 588.

Blackwell &c v. Townsend &c., 91 Ky. 609, 16 S.W. 587, appears conclusive on this point. In that case it was said, 91 Ky. at page 613, 16 S.W. at page 588:

"It is as essential that the land sold should substantially conform to that described in the petition as it is that the land should be described 'so that it may be identified.' Upon a want of such conformity,—as if the sale is of a different tract of land from that described in the petition, then the sale will be void."

The foreclosure suit was brought to enforce the mortgage which only covered tract 3. The petition is not before us, but we assume the only requested relief, as it should, related to this single tract. The court had no jurisdiction to adjudge foreclosure or to order a sale of any other tracts. To the extent the judgment did affect the title to tracts 1 and 2, it was void. Therefore the commissioner's deed vested no title to this property in appellants.

Having reached the above conclusion, it is unnecessary to pass upon appellees apparently meritorious claim that having lived on tracts 1 and 2 continuously since 1930, they had title thereto by adverse possession.

Appellants contend the judgment for damages was erroneous because they

personally did not evict appellees. It is evident the sheriff was acting on their behalf and at their instigation, and the damage was caused by their wrongfully taking out a writ of possession.

The judgment is affirmed.