**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Frank REYNOLDS et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 28, 1966.

———◆———

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Tildon H. McMasters, Elizabethtown, for appellant.

James T. Hatcher, Hatcher & Lewis, Elizabethtown, for appellees.

CULLEN, Commissioner.

Shortly before the day set for trial in the circuit court of the issues of damages raised by the appeals of both the Commonwealth and the landowners from a county court highway condemnation judgment it was discovered that by inadvertence the county court judgment had been so worded as to condemn not only the strip of land desired by the Commonwealth for highway right of way, but also an adjoining parcel of 37 acres. On motion of the landowners the circuit court entered an order amending the county court judgment so as to eliminate any reference to the 37-acre parcel. The Commonwealth has appealed from that order (which the circuit court made final in accordance with CR 54.02). Trial of the damage issues was postponed by the circuit court pending this appeal.

The Commonwealth maintains that the error in the county court judgment was a "mistake" within the meaning of CR 60.02, correctable only by motion in the county court made within one year after entry of the judgment. (The error here was not discovered until more than a year after entry of the judgment.) The Commonwealth also maintains that where, as here, no issue was raised in the county court as to the right of condemnation, the circuit court on appeal has no power to pass on any question other than the amount of damages to be awarded.

The Commonwealth does not contend that it ever had any intention in the county court proceedings to condemn the 37-acre parcel. It is agreed by all parties that the error in the judgment resulted from the fact that by inadvertence the surveyor's description used in the body of the complaint in the county court embraced the 37-acre parcel. (The plans and map attached to the complaint as exhibits showed clearly that only the right of way was sought to be taken.)

We are not convinced that the law is so intransigent or inexorable as not to permit the convenient remedying of a patent, undisputed error such as we have here. Certainly, if the county court still had time within which to correct the error it would seem a completely useless ritual to require that the correction of the admitted error be done there. As concerns the matter of time we think that CR 60.01, which is not subject to time limitations, might well be considered available.

Were other justifications necessary it might be considered that the portion of the county court judgment condemning the 37-acre parcel was void, because it granted relief not prayed for in the complaint taken as a whole, and therefore was subject to collateral attack in the circuit court. Cf. Belcher v. Hunt, Ky., 248 S.W.2d 717.

We think, however, that justifications are not necessary. The order of the circuit court accomplished substantial justice and did not seriously violate any principles of orderly procedure. To reverse it would be to give form precedence over substance.

The order is affirmed.