**William C. BROWN & His Wife, Julia E. Brown, Appellants,**

**v.**

**Freda WEBB, a Widow; Gladys Young, a Widow & the Unknown Heirs at Law of Frances C. Young & the Unknown Spouses of the Unknown Heirs at Law of Frances C. Young, Appellees.**

Court of Appeals of Kentucky.

May 9, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court July 29, 1986.

William R. Thomas, Madisonville, for appellants.

W. Michael Troop, Charles G. Franklin, Madisonville, for appellees.

Before COOPER, McDONALD and DUNN, JJ.

DUNN, Judge.

This case involves the appellants Browns' suit for declaration of rights to quiet title to the coal and mineral estate, other than oil and gas, in a 113 acre tract. They claim title under a master commissioner's deed to their titular predecessor, New York Life Insurance Company, in a 1932 mortgage foreclosure sale of the property in question, the mortgagor being Frances C. Young, now deceased, appellees heirs' progenitor. The Hopkins Circuit Court in a bench trial, all the proof being by documentary stipulation, entered judgment favoring appellees declaring them to be the owners of the tract's minerals, other than oil and gas, in that the mortgage foreclosure sale did not divest the title of their progenitor to the severed and unencumbered mineral estate. We affirm.

We recite only those facts necessary to the intelligent resolution of the issues on appeal. No useful purpose would be served by a detailed recitation of other facts, all of which are known by the parties and their counsel. There is, by the way, no dispute as to facts.

Frances C. Young acquired fee simple title to the tract in question on October 6, 1924. In April 1925 she and her husband mortgaged it to New York Life Insurance Company to secure a loan. Nevertheless, shortly thereafter they deeded the surface rights to J.B. Dever, Will D. Martin and Karl Kuykendall on May 22, 1925, reserving all coal and mineral rights to Frances C. Young.

It is significant that on March 31, 1926, and on March 24, 1927, New York Life by recorded deeds of release released from its mortgage all of its right, lien and claim under and by virtue of its mortgage as to the coal, oil, iron and other minerals of the tract in question. By the second release, the bank not only released from its mortgage all the coal, oil, iron and other minerals but allowed the rights to extract them or explore for them by use of the surface of the tract. This right had not been included in the first release.

On June 22, 1929, the Youngs by recorded deed conveyed or leased to Ivyton Oil and Gas Company, the oil and gas rights of the tract.

In September 1932 in Hopkins Circuit Court, New York Life sued to foreclose its mortgage. Joined as defendants were the Youngs and the grantees of the surface rights deed, Dever, Martin and Kuykendall. No mention was made in the petition of the two recorded mortgage releases as to coal and other mineral rights by New York Life nor to the recorded deed or release of oil and gas rights to Ivyton Oil and Gas.

Upon default judgment and order of sale, New York Life purchased the property at its judicial sale and received a deed from the master commissioner under which appellants claim title.

Appellants argue "res judicata" and "bona fide purchaser" for value in favor of both New York Life and themselves. We disagree as to both.

Dispositive of the issue basic to each of these arguments is the proposition that in the resulting judicial sale in a mortgage foreclosure action, the master commissioner by his deed to the purchaser can not sell or convey more property than that mortgaged to the bank. As a dual consequence, at the foreclosure sale the bank could not purchase more than was sold, nor could it convey more than what it had purchased. *Pierce v. Richardson et al.*, 296 Ky. 226, 176 S.W.2d 408 (1943). *See also Belcher v. Hunt*, Ky., 248 S.W.2d 717 (1952). We agree with appellees that *Smith v. Decker*, Ky., 374 S.W.2d 487 (1964), the opinion for which was authored by Judge Clay as was that in *Belcher v. Hunt, supra,* is distinguished in that it was not a foreclosure action wherein the interest to be sold cannot exceed the interest mortgaged, but rather was a suit to sell the property to satisfy decedent's debts.

We hasten to add also that, here, New York Life as judicial purchaser had actual notice of the mortgage releases of the coal and mineral rights and that the appellants Browns had constructive notice of the recorded leases which eliminated the coal and mineral rights from New York Life's mortgage. As a dual consequence of the releases, the commissioner could not sell these rights nor could New York Life purchase or convey them to the appellants.

Since we are not persuaded by their arguments to the contrary in appellants' excellent briefs, the judgment of the Hopkins Circuit Court is AFFIRMED.

All concur.