Judge Simtson
deliYered the opinion of the Court.
This is a motion made by the purchasers of a tract of land which was sold by a commissioner, under a judgment of the Nelson Circuit Court, rendered in an action brought in 1852, for the sale of real estate of infants, to quash the sale, and the sale bonds executed by them, on grounds appearing in the record of said proceedings.
The petition was filed in the name of three of the infant heirs, who sued by their statutory guardian, and the other heirs, some of whom were infants and others married women, were all made parties to it. A judgment ordering a sale of the whole land was entered at the August term, 1853. A sale was made in pursuance of the judgment, at which the plaintiffs in the motion were the purchasers. The commissioner’s report and sale were approved and confirm *295 ed by the court at the June term, 1854. This motion was not made until the February term, 1855.
Before considering the objections made to the validity of the sale it becomes necessary to decide a preliminary question with l’espect to the power of the Circuit Court to quash the sale, which had been confirmed by it at a previous term. It is contended that the purchasers can only obtain relief, if they be entitled to any, by an application to a court of equity, and that the judgment directing a sale, and the order of its confirmation, are final, and cannot be vacated except by an appeal to this court, or by such proceedings in the Circuit Court as are authorized by the Code of Practice, section 579.
The Circuit Court had no power in this motion to vacate the judgment, but if it be void because the requisitions of the law have not been complied with, and the purchasers have not acquired any title by the sale made under it, the court certainly has the power to treat the whole proceedings as void, and to quash the sale and the sale bonds executed by the purchasers.
The first objection made to the proceedings is that the petition was filed in the name of the infants when it should have been in the name of the guardian alone. The petition was substantially a joint one by the infants and the guardian — the latter swearing to the petition, and consenting that his interest as one of the heirs might be sold if'the court should be of opinion that a sale of the land would redound to the advantage of his wards. The law requires the petition to be filed by the statutory guardian, and to be verified by his affidavit; it also requires all the persons interested in the land, and the statutory guardians of the infants, if any, who are not petitioners, to be made parties. It seems to contemplate some of the infants as petitioners, and as they should be made parties, either as plaintiffs or defendants, the fact that they are plaintiffs in the petition will not render the proceedings invalid.
1. The Circuit Court has no jurisdiction to order the sale of infant’s real estate, whether they be plaintiffs or defendants to a proceeding for that purpose, until com missioners make report under oath to the court the net value of the infants’ real and personal estate, and the annual profits. These provisions of the law must be strictly pursued. Rev. Stat., chap, art. 3, p.592.)
2. If defendant to such proceedings be an infant, the guardian must file an answer under oath, setting forth his belief that a sale will redound to the interest of his ward, before the court can decree a sale. A sale made without a compliance with these prerequisites is void.
But other objections, of a more serious nature, are made to the proceedings on the petition. The commissioners who were appointed to ascertain and report in relation to the infants real and personal estate, and the annual profits thereof, failed in their report to state either the amount of the personal estate, exclusive of slaves, or the annual profits of the estate.
By the Revised Statutes, chapter 86, article 3, page 592, it is enacted that before a court shall have jurisdiction to decree a sale of infants land “three com- ‘ missioners must be appointed to report, and must ‘ report under oath to the court, the net value of the ‘ infant’s real and personal estate, and the annual ‘ profits thereof.” These facts are required to be reported to enable the court to determine whether or not a sale of the land in the petition mentioned would be to the benefit of the infant. Until this has been done the court has no jurisdiction to decree a sale of the land, and consequently any such decree or judgment, if rendered before a report has been made in conformity with the statute, is unauthorized and void. The law in this respect must be strictly complied with, and the report of the commissioners must be full and explicit on all the matters which, by the statute, they are required to ascertain and communicate to the. court.
When any of the defendants are infants, and have an interest in the land, their interest therein can only be sold when their guardian shall file an answer stating his belief that a sale of it will redound to their benefit, and commissioners appointed for the purpose have made such a report as the law requires. The statute is clear and explicit in providing that the court shall have no j urisdiction to decree a sale of infants lands until this be done. This provisions applies to all the infants, whether plaintiffs or defendants. As some of the defendants were infants, and this mode of proceeding was not adopted, the court had no power to sell their part of the *297 land, consequently the judgment ordering a sale is void as to that part of the land which belonged to any of the infant heirs.
Other objections have been made to the proceedings, but as they, if valid at all, would not render the judgment void but only erroneous, or at most voidable, we do not deem it necessary to consider them, inasmuch as they cannot be relied upon in this motion.
Wherefore the judgment dismissing the plaintiffs’ motion is reversed, and cause remanded with directions to quash the sale and the sale bonds executed by the purchasers.