CASE 62—PETITION EQUITY—MARCH 23.

# Kincaid, Adm'r, &c., v. Tutt, &c.

APPEAL FROM WOLFE CIRCUIT COURT.

1. JUDICIAL SALES—FINAL ORDER.—A judgment confirming a report of sale is a final judgment, which the court, after the term at which it was rendered, can not vacate or modify, unless it be for some one or more of the causes mentioned in section 518 of the Civil Code; and if any one of the causes mentioned in sub-sections 4, 5, 6, 7 and 8 of that section is relied on, the party seeking to set aside the judgment must proceed by petition.

2. RIGHT TO SET ASIDE ORDER OF CONFIRMATION.—The fact that the plaintiffs attorney did not attend the sale, owing to the failure of the commissioner to comply with his promise to notify him of the time of sale, and that by reason of his absence the land did not bring as much as plaintiffs' debt, was a casualty sufficient to defeat the confirmation of the sale; but the plaintiffs, having failed to appear and oppose the confirmation, can not now have the judgment of confirmation set aside upon that ground, unless prevented by unavoidable casualty from appearing and opposing the confirmation, which does not appear.

Kincaid, Adm'r, &c., v. Tutt, &c.

H. C. LILLY & SON FOR APPELLANT.

> Land was sold at commissioners' sale for $250 that was worth $1,500. The commissioner had agreed to notify counsel for execution defendant of the time of sale, and counsel was ready and willing to bid the amount of the debt. Counsel was not notified and report of sale was confirmed. On an offer to pay the debt the sale should have been set aside.

WOOD & DAY FOR APPELLEE.

1. When a commissioner's report of sale is confirmed without exceptions, the judgment of confirmation is final and can not be set aside at a succeeding term. ( Megowan v. Pennebakers, 3 Met., 501; Yocum v. Foreman, 14 Bush, 494.)
2. The sale will not be disturbed unless there has been fraud or unconscionable advantage taken by the purchaser. ( Stump v. Martin, 9 Bush, 285.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In the case of the appellants, Socrates Kincaid, as administrator, and others, against John Tutt, &c., the Chancellor adjudged the sale of the land in controversy, to satisfy a debt in favor of the appellants amounting to about $1,600. Said land was sold by the court's commissioner as many as three times before the sale complained of on this appeal; but each of said sales was set aside on account of some irregularity, except the third, which was set aside on account of the failure of the appellant, Socrates Kincaid, who purchased the land at the price of $1,300, to execute bond for the purchase price. The sale complained of was made on the 1st day of September, 1884, and was reported on the 27th day of October, 1884, and confirmed on the 1st day of November, 1884. The sale was in every respect regular.

.At this sale the appellee, Geo. Oliver, was the purchaser, at the price of $250. At a term of court next succeeding that at which the sale was confirmed, H. C.,

Lilly, one of the appellants' attorneys, made known to the court, by his affidavit filed in the case, that he, as attorney of the appellants, requested the master commissioner, whose duty it was to make the sale, to notify him of the time that he would make the sale in time for him to attend in person and bid the amount of the appellants' judgment on the land; that the commissioner did mail him a letter informing him of the time of sale, but the letter was not mailed in time to reach him until after the sale had taken place; that the land was worth as much as $2,500; that at the succeeding term of court he was absent from court on account of sickness in his family. Upon the filing of this affidavit, the appellee was ruled to show cause why the judgment confirming the sale and the sale itself should not be set aside. Issue was joined, proof heard, and the rule discharged.

It may be regarded as established by the proof that H. C. Lilly, the appellants' attorney, did not attend the sale owing to the fact that the commissioner failed to notify him in time; also, that he failed to attend the succeeding term of court owing to the sickness of his wife. But it must be remembered that a judgment confirming a report of sale is a final judgment, which the court, after the term at which it was rendered, can not vacate or modify, unless it be for some one or more of the causes mentioned in the sub-sections of section 518 of the Civil Code. Here, cause 7—unavoidable casualty, preventing the appellants' counsel from attending the sale to bid on the land, and afterwards preventing his attending court— is assigned for setting the sale aside at the subsequent term of court.

As above intimated, it may be regarded as true that H. C. Lilly failed to attend the sale owing to the failure of the commissioner to notify him in time of the time of sale, and that the land, by reason of his absence, did not bring as much as the appellants' debt, whereby their pecuniary interest suffered, and that said casualty was sufficient to defeat a confirmation of the sale, if the appellants had appeared and opposed a confirmation. But their failure to do so was a waiver of their right to set the judgment of confirmation aside at the next term of court, unless they were prevented from appearing and opposing the confirmation by some unavoidable casualty. It is clear, from the proof, that such casualty not only did not exist, but the sale was confirmed by the direction of another of the appellants' attorneys in the case, whose power of attorney in the case was equal to that of H. C. Lilly. In reference to the failure of proof, Mr. Lilly does not say in his evidence that he proposed to attend court to object to the confirmation of the sale, nor does he say that he would have objected to the confirmation had he been in attendance. As the appellant, Socrates Kincaid, administrator and active manager of the estate, had abandoned the idea of contesting the sale (though he changed his purpose long after the confirmation), it is not probable that H. C. Lilly, the attorney, would have opposed the confirmation. Besides, it clearly appears that J. M. Oliver, with full power as one of the appellant's attorneys, caused the sale to be confirmed, and but for his direction the sale would not have been confirmed. This, of itself, was sufficient to defeat the appellant's motion, unless his act was the result of a fraudulent arrangement

between him and the appellee, of which there is not a particle of proof nor ground of suspicion.

In the case of Bean v. Haffendorfer, 84 Ky., 685, this court decided that the power of the Chancellor to vacate a judgment confirming a judicial sale was not dependent upon a valid defense to the cause of action or claim sued on; that the question of the validity of the sale was distinct from the question of defenses to the cause of action; that there might exist grounds for setting aside a sale that did not affect the judgment. In accordance with the foregoing views, it has always been held that the sale, in the person of the purchaser, generally introduces a new party, or, if one of the parties to the action becomes the purchaser, his purchase introduces him in a new role, and the judgment confirming the sale establishes a property right in such party, which judgment is, and ought to be, final, and which can not be disturbed, although the judgment upon the cause of action may be thereafter reversed. So the judgment of confirmation being distinct from the judgment on the cause of action, and final, it follows that it can not be vacated after the term of court at which it was rendered, unless for some one or more of the causes mentioned in the sub-sections, *supra;* and if for the causes mentioned in sub-sections 4, 5, 6, 7, 8, the party must proceed by petition, as is provided in section 520 of the Civil Code.

The judgment is affirmed.