CASE 81—ACTION ON POLICY OF INSURANCE—MAY 2.

# Hudson, &c., v. Scottish Union & National Insurance Co.

### APPEAL FROM BOYLE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. AFFIRMED.

PLEADING—EXHIBIT AS PART OF PETITION—FIRE INSURANCE—VALIDITY OF THREE-FOURTHS CLAUSE.

Held: 1. Where a policy sued on is filed with the petition, and referred to therein as a part thereof, its stipulations limiting the liability of defendant are to be considered a part of the petition on demurrer.

2. A stipulation of a policy on personal property that the insurer shall not be liable for more than three-fourths of the value of the insured property is valid, as Kentucky Statutes, section

Hudson, &c., v. Scottish Union, &c., Nat. Ins. Co.

700, providing that the insurer shall be liable for the value of insured real estate as fixed in the policy, does not apply.

ROBT. T. QUISENBERRY AND ROBERT HARDING, FOR APPEL-LANTS.

The questions to be considered in this case are:

First, Can the contents of an exhibit attached to and filed with a pleading be considered by the court in sustaining or overruling a general demurrer to such pleading?

Second, Does section 700, Kentucky Statutes, govern and control policies of insurance issued upon personal and real property, or simply upon those policies which are issued upon real property?

The theory of the defendant in filing its general demurrer, and in which it was sustained by the lower court seems to be that the nominal and formal pleading and the exhibit attached thereto are to be taken and considered together, and the two thus combined form the petition. From this theory the appellant vigorously dissents.

### AUTHORITIES CITED.

Collins v. Blackburn, 14 B. Mon., 203, 254; Civil Code, sec. 120; Hill v. Barrett, 14 B. M., 87; Yewell v. Bradshaw, 2 Duvall, 575; Knoblauch v. Foglesong, 38 Minn., 460; Penroes v. Pacific Mut. Life Ins. Co., 66 Fed. Rep., 253; May on Ins., sec. 589; Ency. Pl. & Pr., vol. 11, p. 414; Ky. Stats., sec. 700; Aetna Ins. Co. v. Glasgow Elec. Light & Power Co., 21 Ky. Law Rep., 727.

JOHN W. YERKES, FOR APPELLEE.    YERKES & BAGLEY, OF COUNSEL.

### SUBJECTS DISCUSSED AND AUTHORITIES CITED.

1. The contents of an exhibit filed with and made a part of plaintiffs' petition become a part of the record, and must be considered by the court in sustaining or overruling a demurrer filed to the petition. Sec. 120, Civil Code of Practice, Haney, &c., v. Tempest, &c., 3 Met., pp. 97-98; Wile, &c., v. Sweeney, &c., 2 Duvall, p. 162.
2. Section 700, Kentucky Statutes, governs and controls alone policies of insurance issued for the protection of real property against fire or storm risks, and does not cover policies issued on *personal property* protecting against destruction by fire or storm. Sec. 700, Ky. Stats.; Aetna Ins. Co. v. The Glasgow Elec. Light & Power Co., Ky. Law Rep., vol. 21, p. 726.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

The plaintiffs instituted this action against the defendant in the Boyle Circuit Court, seeking to recover judgment against it for the sum of $1,500. The claim is based upon a policy of insurance issued by the defendant to the appellant, Hudson, insuring him for the term of six months against loss or damage by fire of one lot of hemp, which was destroyed by fire, and was of the value of $10,000. A considerable portion of the stipulations contained in the policy are set out in the petition, showing the undertaking upon the part of defendant, and from which averment it appears that plaintiffs were entitled to a judgment for the $1,500, there being other insurance upon the property. It is further alleged in the petition as follows: "Said contract is filed herewith as part hereof, and made a part hereof as fully as if copied herein." The defendant demurred to so much of the petition as claimed a right to recover more than $1,250, for the reason that said petition and exhibit do not state facts sufficient to constitute or support a cause of action for more than $1,250. The court sustained the demurrer, and, plaintiffs failing to plead further, a judgment was rendered in their favor for the $1,250, and the petition dismissed in so far as it sought to recover more than said sum, and from that judgment this appeal is prosecuted.

It is insisted for appellants that the demurrer ought to have been overruled, for the reason that, so far as the petition contained allegations as to the liability of defendant, it was sufficient; in other words, it is insisted that the petition showed a right to recover as much as $1,500. The real question involved upon the demurrer is whether the entire policy sued on, together with all its stipulations and conditions, must be considered as part and par-

cel of the petition for the purpose of demurrer. It will be seen that as part of the policy there is a stipulation providing that in no event shall defendant be liable for more than three-fourths of the value of the property when destroyed, and, when there is other insurance, that its liability shall be regulated and controlled in that proportion.

It is the further contention of appellants that under section 120 of the Civil Code of Practice they were required to file the policy because their cause of action was based thereon, but the filing thereof did not cause every stipulation of the policy to become part and parcel of the petition for the purpose of sustaining a demurrer thereto, and therefore the demurrer ought to have been overruled. And it is further contended that, if the three-fourths clause was available as a defense, it could only be made so by answer. It is the contention of appellee that the entire policy constitutes part and parcel of the petition, and must all be considered on demurrer. Appellee cites Haney v. Tempest, 3 Metc. 97, and Wile v. Sweeney, 2 Duv. 162. Appellants cite Collins v. Blackburn, 14 B. Mon. 252, Hill v. Barrett, Id. 83, Yewell v. Bradshaw, 2 Duv. 575, together with some decisions of other courts of last resort. It will be seen that the plaintiffs, by a specific statement, made the policy in question part of the petition to the same extent as if it had been copied therein. After a careful consideration of the authorities, we are of opinion that the policy in this case constitutes part and parcel of the petition, and was properly considered in considering the demurrer. It may be true that the mere reference to and the filing of a paper which is the foundation of plaintiff's claim will not be considered as part of the petition in order that the same may be held to be suf-

ficient, it being a well-settled rule of law that the aver-
ments of the petition must show a right to recover, and,
where the contract relied on is made part of the petition
by the unequivocal averments thereof, it constitutes part
and parcel thereof; and, if the making of the same a part
of the petition results in the pleading being contradic-
tory, the pleader must suffer the consequences, for it is
a well-settled rule of law that a pleading is to be con-
strued most strongly against the pleader.

Some reference is made to section 700, Kentucky Stat-
utes. That section, however, has no reference to the pol-
icy of insurance upon personal property. It was expressly
decided by this court in Aetna Ins. Co. v. Glasgow Electric
Light & Power Co. (Ky.), 52 S. W., 975, (21 Ky. L. R., 726)
that the three-fourths clause, as it is called, in an insurance
policy on personal property, was valid, and no more than
three-fourths of the value of such property destroyed could
be recovered under a policy containing the provision afore-
said. It results from the foregoing that the demurrer
was properly sustained. The judgment appealed from is
therefore affirmed.