Costigan, &c. v. Truesdell, &c.
Covington, &c. v. Same.

CASE 10—ACTION BY M. J. COSTIGAN, &C., AND BY RAYMOND COVINGTON,
&C. AGAINST W. E. TRUESDELL, &C. FOR THE SETTLEMENT OF THE
ESTATE OF ANNA W. COVINGTON, DECEASED.—NOVEMBER 16.

# Costigan, &c. v. Truesdell, &c.
# Covington, &c. v. Same.

APPEAL FROM CAMPBELL CIRCUIT COURT—A. S. BERRY, CIRCUIT JUDGE.

FROM THE ORDERS AND JUDGMENT RENDERED, M. J. COSTIGAN, &C., AND
RAYMOND COVINGTON, &C. APPEAL. AFFIRMED.

EXECUTORS AND ADMINISTRATORS—REAL ESTATE—SALE TO PAY DEBTS—
VACATION—GRANTS—INADEQUACY OF PRICE—SALE OF EQUITY OF
REDEMPTION—RENTS AND PROFITS—LIABILITY OF PURCHASER—
RECEIVERS.

1. Mere inadequacy of price is insufficient to justify the vacation
   of a sale of decedent's real estate ordered to pay debts.
2. After a sale of decedent's real estate to pay debts has been con-
   firmed, the court is without power to set the same aside, except
   on one of the grounds provided by Civ. Code Prac., sec. 518, for
   the vacation or modification of a judgment after the expiration
   of the term.
3. A sale of a decedent's real estate to pay debts in an action for
   the settlement of the estate, was not invalidated by reason of
   the fact that a party claiming to be a creditor was not made a
   party to the proceedings, where he failed to establish his claim.
4. Where the equity of redemption in a decedent's real estate which
   had been sold to pay a mortgage thereon, and other debts of a
   decedent for a sum only sufficient to pay the mortgage, was
   ordered sold to pay debts, the failure to sell the same did not pre-
   vent the termination of the statutory right to redeem at the ex-
   piration of the year from the date of sale of the property.
5. Where a purchaser of a decedent's real estate sold to pay a mort-
   gage and other debts took possession before the expiration of the
   time for redemption from the mortgage sale, he became liable
   for rents to the deceased owner's spouse and heirs at law, and
   not to the estate, since such rents and profits were not assets.
6. Owners of a decedent's real estate sold for the payment of a mort-

Costigan, &c. v. Truesdell, &c.
Covington, &c. v. Same.

gage and other debts are entitled to possession until a receiver is appointed or the period of redemption as to the mortgage sale has expired.

LOUIS REUSCHER AND C. L. RAISON, JR., ATTORNEYS FOR APPELLANT, M. J. COSTIGAN.

### POINTS AND AUTHORITIES.

1. Where in a proceeding to settle an estate, real estate has been sold by the master commissioner at less than two-thirds of the appraised value of the property and orders were made by the court, directing a sale of the equity of redemption by the master commissioner, and the master failed to execute the order of sale of the equity of redemption within one year from the date of sale, the court still has jurisdiction and control of the matter and may proceed to require the master to perform the orders of the court, and sell the equity of redemption in the property even after the expiration of one year from the day of sale. Bramel v. Burden, 7 R., p. 97; Moore v, Bishop, 20 R., p. 1622.

2. Where in a proceeding to settle an estate, real estate is sold for less than two-thirds of its appraised value, and at a grossly inadequate price, and a mortgage lien holder is not before the court in any way in the proceedings; upon application of a creditor who offers to bid a much greater sum for the property and enter into bond binding himself to do so, the court upon his petition should direct the sale of the property to be set aside, and the property resold for the benefit of all the creditors.

3. Where an estate is insolvent and property is sold at less than two-thirds its value at a grossly inadequate price, purchaser immediately takes possession of the property and collects the rents from the property he is liable to the creditors of the insolvent estate for the reasonable rent of the property and certainly for the rents collected by him from the time he takes possession until the time the equity of redemption expires, and in case the sale of the property to him is set aside he is liable to the creditors of said estate for rents from the time he takes possession of it until he delivers and surrenders possession of it under orders of the court.

4. Where property is sold for less than two-thirds of its appraised value, the owner is entitled to hold possession until after the time of redemption has expired. Truesdell was in no event entitled to collect these rents or to use this property; there is no principle of law or equity that would permit Truesdell to collect the rents and convert them to his own use.

Costigan, &c. v. Truesdell, &c.
Covington, &c. v. Same.

GEO. WASHINGTON AND RAMSEY WASHINGTON, ATTORNEYS FOR APPELLEE.

### PROPOSITIONS AND CITATIONS.

1. Mere inadequacy of price not sufficient to justify setting aside a judicial sale. Passmore v. Moore, 15 R., 107; Larrabee v. Larrabee, 24 R., 1423; Booker v. City of Louisville, 25 R., 497; Mastin v. Zivergart, 24 R., 1920; Scott v. O'Neil's Admr., 23 R., 331.

2. Court loses power over sale after end of term, except upon grounds stated in sec. 518 of Code. Yocum v. Foreman, 14 Bush, 494; Thompson v. Brownlie, 25 R., 622; Carpenter v. Strother, 16 Ben. Mon., 295; McGovern v. Pennebaker, 3 Met., 502; Dawson v. Litsey, 10 Bush, 411; Kinkaid v. Tutt, 88 Ky., 392; Bean v. Hoffendorfer, 84 Ky., 685.

3. After confirmation of sale, and expiration of term, not sufficient that a mortgageholder had not been made a party. But especially is this true where the latter refuse to join in the application. Thompson v. Brownie, 25 R., 622.

4. Equity of redemption is purely a statutory right and ceases to exist after one year from confirmation of sale. Ky. Stat., secs. 1684, 1685, 1686; Bethel v. Smith, 83 Ky., 84.

5. In suit for settlement, no right in creditor to impound rents accruing during life of equity of redemption. They belong to the person having the statutory right of possession. Ky. Stat., sec. 1684, subsec. 3.

6. English rule of opening biddings upon offer to advance bids has never obtained in Kentucky. Foreman & Dana v. Hunt, 3 Dana, 614; 2 Monroe, 411.

7. Warning order attorney must state in his report when he has been employed by a nonresident. Christie v. Garrity, 14 R., 910; Ky. Code, sec. 59.

EDWARD A. BRUTON, WARNING ORDER ATTORNEY, AND GUARDIAN AD LITEM.

1. While mere inadequacy of price is not sufficient to warrant the chancellor to set aside the sale of property, but where the price was grossly inadequate and all the lien holders were not before the court, these facts are sufficient to warrant the chancellor in setting aside the sale, in an action brought by infants making the lien holders a party and asking the court to have the sale set aside.

2. Where property belonging to infants was sold at judicial sale for less than its appraised value, and the purchaser im-

Costigan, &c. v. Truesdell, &c.
Covington, &c. v. Same.

mediately takes possession and collects the rent and uses the property, he is liable to the heirs and the husband of the decedent for the rents of the property collected by him and for a reasonable use of the property at least until the expiration of the time of redemption.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

This action was instituted to settle the estate of Anna W. Covington, and, there being but little personal property, it was necessary to sell real estate. A building association held a mortgage on the real estate, and there were some other creditors, including Costigan, who did not have a lien upon it. The court-ordered it sold to satisfy the debts, and it was sold for that purpose on February 4, 1903, and it was purchased at the commissioner's sale by the appellee Truesdell at less than two-thirds of its appraised value. On February 14, 1903, the sale was confirmed. The proceeds of the sale only paid the mortgage creditor and costs of the suit, leaving the demands of the other creditors unsatisfied. On March 28, 1903, the court ordered the equity of redemption sold, but for some reason not appearing in the record that order was never executed. In November, 1903, W. G. Wagenlander filed a petition asking to be made a party to the action, claiming he had a debt of $30 against the estate secured by mortgage on the real estate. He seems to have abandoned his claim, as he took no further steps to enforce it, and he is not here complaining, so the questions here for review are not affected by the alleged claim of Wagenlander. On February 2, 1904, two days before the time for the redemption of the land expired, the appellant, Costigan filed what is denominated as an answer and cross petition, by which he sought to set aside the sale to Truesdell, claiming the land had been sold for a grossly inadequate price. After the expiration of the time for redemp-

tion, Costigan filed an amended answer and cross petition, in which he avers that, if the property is resold, he would pay $550 for it.

This court has repeatedly held that a mere inadequacy of price is not sufficient to set aside a sale. If it had been a good ground for setting aside the sale, the question was raised too late, as the sale had been confirmed months before. Except upon the grounds stated in section 518, Civ. Code Prac., the court was without power to set aside the sale after it had been confirmed. Thompson v. Brownlie, 76 S. W., 172, 25 Ky. Law Rep., 622; Carpenter v. Strother, 16 B. Mon., 295; Yocum v. Foreman, 14 Bush, 494; Megowan v. Pennebaker, etc., 3 Metc., 502; Dawson v. Litsey, 10 Bush, 411; Kinkaid v. Tutt, 88 Ky., 392, 10 R., 1006, 11 S. W., 297; Bean, etc., v. Haffendorfer, 84 Ky., 685, 8 R., 739, 2 S. W., 556, 3 S. W., 138. The fact that Wagenlander was not made a party does not alter the case. Thompson v. Brownlie, *supra.* Besides, he did not establish his claim. It may not have existed in law. After the sale to Truesdell, the equity of redemption could have been sold, and the court so ordered. It was not sold, and the failure to execute the order could not prevent the termination of the statutory right to redeem. It only existed for one year after the sale, and during that time there was not even an offer to redeem. Bethel v. Smith, 83 Ky., 84, 7 R., 15. It is averred in the amended answer that Truesdell took possession of the property after his purchase, and that the value of the rents was $12 per month. If he did so before the expiration of the time for redemption, he is liable to the owners for the rents. That question can not be determined in this action, because the court did not place the property in the hands of its receiver, and the owners were

entitled to enjoy the use of the property until the court did so, or until the time for redemption expired. The rents were not assets of the estate, but a claim in favor of husband and heirs at law of the decedent. The appellant Costigan slept on his rights, and thus failed to collect his claim.

The judgment is affirmed.