## Blair, et al. v. Meade, et al.

(Decided September 30, 1921.)

### Appeal from Pike Circuit Court.

1. Pleading—Pleading Not Traversed.—Material allegations of a pleading not traversed must be taken as true except as otherwise provided by section 126 of the Civil Code.

2. Adverse Possession—Executory Sale—Amicable Possession.—Possession under an executory sale of real estate is amicable and not adverse to the grantor and his grantees.

3. Pleading—Intervening Petition Refused.—A defendant who elects to try issue as joined and announces ready for trial cannot object that an intervening petition offered by new parties after all the evidence had been introduced was refused.

4. Pleading—Intervening Petition Refused.—Nor was the refusal to file the offered intervening petition erroneous as to the intervenors where by their petition they did not manifest a present interest in the matter being litigated.

ROSCOE VANOVER for appellants.

J. E. CHILDERS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The plaintiffs, now appellees, Buff Meade and wife, instituted this action as in ejectment against appellant, Delilah Blair, to recover possession of a lot in Pikeville. She answered denying that plaintiffs were the owners or entitled to possession of the lot described in the petition or that she was withholding same from them wrongfully, as alleged, but admitting that she was in possession thereof. She further alleged that her deceased husband, Jacob Blair, had procured possesion of the lot from J. E. Yost, the then owner, under title bond before Yost conveyed same to plaintiffs and that upon the death of her said husband his possession and equitable title to the lot descended to her and her children, and that she was holding possession of the lot for her children, the legal heirs of her deceased husband, which is a confession that plaintiffs owned the legal title and that her possession was amicable; but she also alleged that at the time Yost conveyed the lot to the plaintiffs she was in possession of and claiming same adversely to all the world and that the deed to plaintiffs was champertous and void.

Without requiring defendant to elect between her inconsistent pleas of adverse possession and possession under the title bond, plaintiffs by reply denied that defendant was in the adverse possession of the lot at the time the deed was made to them by Yost, and further alleged that while it was true Yost had executed a title bond to the husband of the defendant, Delilah Blair, that Blair had failed to pay for the lot and that the contract of sale by agreement of Yost and Blair had been rescinded. Defendant did not file any responsive pleading to the reply nor was same traversed of record. Hence the allegations of the reply that Blair did not pay for the

lot and that the contract of sale to him by Yost had been rescinded prior to the conveyance to plaintiffs, stood admitted (sec. 126, Civil Code); and the only possible issue raised by the pleadings was whether defendant, Delilah Blair, was in the adverse possession of the lot when same was conveyed to plaintiffs by Yost.

There was no proof whatever to sustain the claim of adverse possession or that the defendant was claiming the right even under the title bond to hold the property at the time same was conveyed by Yost to plaintiffs. On the contrary, the evidence shows conclusively that the defendant, after the death of her husband, surrendered the title bond to Yost; that he repaid to her the amount she claimed to have paid him thereon; that the plaintiff, Buff Meade, before he purchased the lot from Yost went to the defendant and asker her if she had any objection to his buying the lot from Yost and she told him she had none but would be glad if he would buy it; that she was cultivating it by Yost's permission and that she would get her potatoes dug and out of the way in time for him to begin building his house thereon.

So far, therefore, as the defendant, Delilah Blair, is concerned the plaintiffs were clearly entitled to have the verdict directed for them as they asked at the conclusion of all the evidence, but which the court refused to do, and we need not, therefore, consider the objections urged by her to the instructions given by the court under which the jury found for the plaintiffs. Two other objections are urged upon this appeal, however, which we deem it proper to pass on.

The first is that the court erred in refusing to permit to be filed an intervening petition of the children of the defendant and Jacob Blair, some of whom are infants, to be made parties defendant, in which they asserted that as heirs of their father they had an interest in the property and were necessary parties to the suit. This petition was not offered until after the original parties had announced ready for trial and all of the proof had been heard, and Delilah Blair is in no position to complain of the court's refusal to then file this pleading, which would have necessitated dismissing the jury and a continuance of the cause, since by announcing ready to try the issue presented by her answer between herself and plaintiffs she waived any objection for defect of parties, and section 28 of the Code expressly provides that the court may determine any controversy between parties before it if it can

do so without prejudice to others, and this the court could do in this instance, since her children not having been made parties could not be bound or prejudiced by any judgment rendered against the mother alone.

The children are also here as appellants, complaining of the refusal to file their offered petition; and if, as they now contend, they had an interest in the property and a joint right of possession with their mother they had a right to be heard, and the court erred as to them in refusing to file their pleading and make them parties unless it was offered too late. We shall waive the question as to whether the pleading was seasonably tendered, since we are of the opinion intervenors do not by their pleading manifest any interest in the property.

They do not deny plaintiffs' allegations of legal title but attempt simply as heirs of their deceased father to assert an equitable interest in the lot under title bond executed to him by Yost and a joint right of possession thereunder with their mother. They do not, however, manifest any present interest or right of possession thereunder, since they do not allege any facts with reference thereto except its execution, which plaintiffs admit, nor seek in any way to meet or controvert plaintiffs' allegations that their father prior to the conveyance to plaintiff had surrendered to Yost every right he ever had by reason of the execution of the title bond.

Their claim of adverse possession under the title bond from Yost, the grantor of plaintiffs, was equally unavailing, both because of the failure to allege it was still in effect and because possession under an executory contract is amicable and not adverse. See 1 R. C. L. 750; Gossom v. Donaldson, 18 B. Mon. 230; Speiss v. Martin, 192 Ky. 211.

The defendant also complains that the court did not grant her a new trial because of the assertion as a ground therefor that she had been adjudged to be insane twice before the trial and once since. Insanity, however, is not a defense and besides it is neither alleged nor proven that defendant was insane at the time of the trial. She was present assisting her counsel, testified quite intelligently about the facts involved and of her having been an inmate of the insane asylum on two occasions. No claim was made at the time that she was then insane nor is it now so claimed except as a legal presumption arising from the fact that she had been so adjudged and there had been no judgment of restoration. This presumption,

however, as adjudged by the trial court in passing on the motion for a new trial, was, we think, outweighed by defendant appearing, defending and testifying in her own behalf without raising the question.

Wherefore, the judgment is affirmed.