## Moran, et al. v. Coffin, et al.

(Decided May 23, 1922.)

### Appeal from Campbell Circuit Court.

1. Insane Persons—Sale of Land—Pleadings and Proof—Sufficiency. —In an action by a committee against a person of unsound mind for a sale and reinvestment of real property the petition alleged

that the market price for improved property in N. was then active at high prices; that the present was an advantageous time to sell the property; that the proceeds of the sale could be invested at rates of interest which would return a larger income to the lunatic than could be obtained by renting said property, and that it would be greatly to her benefit to sell all of said real estate and reinvest the proceeds in securities. There was evidence to the effect that it was a good time to sell the houses as they were old and somewhat run down, and would never again bring as much as at that time; also that it was an unusually good time to invest in interest bearing securities: Held, that the allegations and proof were sufficient to authorize a sale for the purpose of reinvestment.

2. Insane Persons—Actions Against—Absent Defendants—Appointment of and Defense By Guardian Ad Litem Not Necessary for Person of Unsound Mind Not Summoned in This State.—No appointment of, nor defense by, a guardian ad litem is required on behalf of defendant of unsound mind who is not summoned in this state.

3. Insane Persons—Sale of Land—Service of Summons.—Section 53, Civil Code, providing that where the committee is plaintiff, summons may be served on the person of unsound mind and the person having charge of her, but that service by delivering a copy to the physician having charge of the person of unsound mind shall have the same effect as a service on the person of unsound mind, if such physician gives a certificate, attested by the officer delivering him the copy, that a personal service would, in his opinion, be injurious to such person of unsound mind, applies only to a case where the person of unsound mind is amenable to service in this state, and service on the physician, accompanied by the required affidavit, will not be sufficient where the person of unsound mind was absent from the state and could not be served with process.

4. Insane Persons—Actions Against—Absent Defendants—Constructive Service.—Under subsection 3, section 57, Civil Code, a person of unsound mind who has been absent from the state for four months may be brought before the court by constructive service.

5. Insane Persons—Sale of Land—Bond by Committee—Failure to Record Bond Does Not Render Sale Invalid.—So much of subsection 2, section 493, Civil Code, as provides that the bond executed by the committee and approved by the court "shall be recorded with the order of sale," is merely directory, and the failure to comply with it at the time the order of sale is entered does not affect the validity of the sale.

L. S. SHEPLER and BRENT SPENCE for Broering.

W. U. WARREN for Moran.

C. W. YOUNGBLUT for Scott and Goetz.

L. J. CRAWFORD for appellees.

OPINION OF THE COURT BY JUDGE CLAY.—Affirming.

Josephine Coffin, who owned about $25,000.00 worth of real and personal property, and her husband, Charles W. Coffin, were residents of Campbell county. On September 22, 1913, she and her husband executed to the Covington Savings Bank & Trust Company a mortgage on four pieces of improved real estate situated in Newport to secure the payment of a loan of $7,500.00.

On July 30, 1914, Mrs. Coffin was adjudged by the Campbell Circuit Court to be a person of unsound mind, and was thereafter placed in the Cincinnati Sanitarium at College Hill, Ohio, where she was well cared for. A M. Larkin was first appointed committee for Mrs. Coffin, but upon his resignation in the month of October, 1915, the Covington Savings Bank & Trust Company was appointed committee in his stead.

On July 27, 1920, the Covington Savings Bank & Trust Company, as committee for Mrs. Coffin, brought suit against her husband and the Covington Savings Bank & Trust Company individually to sell the real estate covered by the mortgage, both for the purpose of maintenance and reinvestment. The mortgage lien of the trust company was set out, and it was asked to assert its claim, which it proceeded to do by an answer and cross petition. Both the petition and answer and cross petition contained proper affidavits for a warning order, and George J. Herold was appointed warning order attorney, who filed a report stating in substance that he had mailed a letter, bearing his return address, and addressed to Josephine Coffin at the Cincinnati Sanitarium, College Hill, Hamilton, Ohio, and that said letter was never returned to him. He also stated that he had prepared and filed with the clerk of the court cross interrogatories to the interrogatories filed by the Covington Savings Bank & Trust Company individually, and that he had carefully examined the papers in the case and was unable to make any affirmative defense. In addition to this, process was served on the physician in charge of Mrs. Coffin, who was in this state at the time, and who made affidavit that service of summons on her personally would be injurious to her. Depositions were then taken on interrogatories and cross interrogatories prepared by the warning order attorney, bond was executed and approved by the court and judgment was rendered ordering a sale of the property. L. W. Scott purchased Parcel No. 1 for $2,025.00, Frank C.

Goetz purchased Parcel No. 2 for $2,400.00, Robert Moran purchased Parcel No. 3 for $2,050.00 and Leo G. Broering purchased Parcel No. 4 for $7,110.00. The exceptions filed by the purchasers were overruled and the sale was confirmed. The purchasers appeal.

The first ground of exception was that neither the pleadings nor the proof showed the necessity for the sale as required by section 2150, Kentucky Statutes, and subsection 4, section 489, Civil Code. Whether or not the pleadings and proof would have been sufficient if a sale had been asked on the sole ground of maintenance it is unnecessary to determine. Subsection 5, section 489, Civil Code, authorizes the bringing of an action against a person of unsound mind by his committee for a sale of his estate and investment in other property. It was alleged in the petition that the market price for improved property in Newport was then active at high prices and that the present was an advantageous time to sell the property; that the proceeds of the sale could be invested at rates of interest which would return a larger income to the lunatic than could be obtained by renting said property, and that it would be greatly to her benefit to sell all of said real estate and reinvest the proceeds in securities. C. W. Simrall the secretary and treasurer of the Covington Savings Bank & Trust Company, deposed that it was a good time to sell the houses as they were old and somewhat run down, and would never again bring as much as at that time; also that it was an unusually good time to invest in interest bearing securities. In our opinion the allegations and proof were sufficient to authorize a sale for the purpose of reinvestment.

Another ground of exception was that no guardian *ad litem* was appointed to defend the lunatic, and no defense was made for her as required by section 36, Civil Code. We have ruled that subsections 1 and 3 of section 36, Civil Code, do not contemplate or authorize the appointment of a guardian *ad litem* for nonresident infant defendants not summoned in this state but proceeded against by warning order, and that the only defense necessary to be made on behalf of a nonresident infant defendant was that required by subsections 5 and 7 of section 59, Civil Code, to be made by the warning order attorney. Powell v. Baer, 143 Ky. 282, 136 S. W. 629; Massingale v. Parker, 191 Ky. 515, 230 S. W. 932. As the provisions of the Code apply alike to infants and persons of unsound mind, it necessarily follows that no

appointment of, nor defense by, a guardian *ad litem* is required on behalf of a defendant of unsound mind who is not summoned in this state. We must, therefore, determine whether or not Mrs. Coffin was summoned in this state. Where the committee is plaintiff, summons may be served on the person of unsound mind, and the person having charge of her, but service by delivering a copy to the physician having charge of the person of unsound mind shall have the same effect as a service on the person of unsound mind, if such physician gives a certificate attested by the officer delivering him the copy that a personal service would in his opinion be injurious to such person of unsound mind. Section 53, Civil Code. In our opinion this provision applies only to a case where the person of unsound mind is amenable to service in this state. In other words, it was the sole purpose of the act to substitute the required affidavit for personal service on the person of unsound mind only in the event that such person was within the jurisdiction of the court and could be legally served, and it was never the intention of the law makers that the affidavit should take the place of personal service where the person of unsound mind was absent from the state and could not be served with process. We therefore conclude that Mrs. Coffin was not properly summoned in this state, and that being true, no appointment of, nor defense by, a guardian *ad litem* was necessary.

The foregoing conclusion makes it necessary to decide whether Mrs. Coffin was properly before the court by constructive service. It appears from the petition, which was sworn to, and from the affidavit for warning order that, at the time of the institution of the action, Mrs. Coffin was a nonresident of the state and absent therefrom, and that she had been absent therefrom for more than four months, but appellants insist that she was neither a nonresident nor absent from the state within the meaning of the Code, and rely upon the case of Newcomb's Ex'rs v. Newcomb, 13 Bush 544, in support of this position. That case involved the validity of a degree of divorce obtained by Newcomb on constructive service against his wife who was confined in an asylum in another state. It appeared that Mrs. Newcomb was never adjudged insane by a court of competent jurisdiction, but was confined in the asylum by her husband. As she was there in obedience to his command and subject alone to

his control when the suit for divorce was instituted and the judgment was rendered, and as he was a resident of the state of Kentucky from the time of their marriage until his death, it was held that, as to her husband, Mrs. Newcomb was neither an absent defendant nor a nonresident, in contemplation of the statute authorizing constructive service. In the case at bar the facts are different. Mrs. Coffin was adjudged insane by a court of competent jurisdiction. She was placed in a sanitarium by her husband, but the suit was not brought by him but by the committee. Whether she was a nonresident or not, it is unnecessary to decide. An absence of four months will authorize constructive service. Subsection 3, section 57, Civil Code. As to the committee and as to the trust company individually she was an absent defendant and was properly before the court by constructive service.

Another contention is that the sale was void because the bond executed by the committee was not recorded with the order of sale. Subsection 1, section 493 of the Civil Code provides for the execution of a bond by the committee of a person of unsound mind before a sale is ordered under subsection 5 of section 489. Subsections 2 and 3 of that section are as follows:

"(2) The court shall endorse its approval on said bond which shall be recorded with the order of sale and certified by the clerk of said court who shall deliver it to the clerk of the county court, and it shall by him be recorded and properly indexed.

"(3) If the bond be not given, any order of sale and any sale or conveyance made under such order shall be absolutely void, and of no effect."

While subsection 2 does provide that the bond shall be recorded with the order of sale, yet as the legislature merely provided that the sale should be void if the bond was not given, and did not provide that a failure to record the bond should have the same effect, and as the rights of the lunatic are fully protected by the execution and approval of the bond, we are inclined to the opinion that the provision requiring the bond to be recorded with the order of sale is merely directory, and may hereafter be complied with, and the failure to comply with it at the time the order of sale was first entered did not affect the validity of the sale.

On the whole we conclude that the parties in interest were properly before the court, and that the judgment and proceedings thereunder were sufficint to pass. title to the purchasers.

Judgment affirmed.