## Butts, et al. v. Skinner, et al.

(Decided March 7, 1924.)

Appeal from Lyon Circuit Court.

Adverse Possession—Possession by Vendee Not Adverse.—Possession by the vendee under an executory contract of sale is not adverse to that of his vendor until he has performed the conditions thereof or repudiated the latter's title, and this was true though the contract was oral, and title by adverse possession was not obtained by vendee's merely paying taxes on the property and keeping it in repair; contract presumably obligating him to do so.

UTLEY & UTLEY and NEWTON W. UTLEY for appellants.

C. C. MOLLOY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1890, appellees' father, Charles Anderson, put appellants in possession of a town lot owned by him, under a verbal contract of sale by which he agreed to convey same to them upon their payment to him of $450.00. They remained in possession of the lot until 1916, and the sole question at issue in this action is whether they acquired title by adverse possession.

The rule is thoroughly established that "The possession of the vendee, under an executory contract of sale is not adverse to that of his vendor until he has performed the conditions thereof or repudiated the latter's title, and this is true whether the contract be in writing or in parol." Creech, et al. v. Creech, et al., 186 Ky. 149, 216, S. W. 127; Padgett v. Decker, 145 Ky. 227, 140 S. W. 152; Rice, et al. v. Blair, 161 Ky. 280, 170 S. W. 657; Blair, et al. v. Meade, et ux., 192 Ky. 720, 234 S. W. 433; 2 C. J. 153; 1 R. C. L. 750.

While appellants were in possession of the property for about twenty-six years, there is no competent evidence that they ever paid the whole of the agreed purchase price or any considerable part thereof, or did anything to bring home to the vendor knowledge that they repudiated or disputed his title to the lot. The fact that during their occupancy they paid the taxes on the property and kept it in repair does not indicate their possession was adverse, since they did this as well before as

after they claim to have paid for the property, as presumably their contract obligated them to do. Besides, the decided weight of the evidence is that appellants acknowledged an indebtedness to appellees on the lot almost up to the time this litigation began.

Under such circumstances the chancellor could not have done otherwise than adjudge the possession of appellants amicable and the title in the heirs of the vendor, and the judgment is affirmed.