## Kaze, et al. v. Wheat's Guardian, et al.

(Decided March 23, 1928.)

### Appeal from Franklin Circuit Court.

1. Guardian and Ward.—Guardian's petition to be permitted to sell real estate for infants' support and education, pursuant to Civil Code of Practice, sec. 489, held sufficient to permit such sale pursuant to section 490, subsecs. 2, 3, although it did not state that infants' mother was unable to support and educate them, where latter's answer supplied omitted allegations, and proof sufficiently indicated the fact.

2. Guardian and Ward.—Purchasers of land sold to provide for infants' support and education, pursuant to guardian's petition and court order, as permitted by Civil Code of Practice, sec. 490, subsecs. 2, 3, held to have acquired, of record, only one-half interest

in property, where deed presented by petitioner, pursuant to section 492, showed that infants' deceased father, from whose estate infants had obtained the property, had, on his death, only one-half interest, as the property originally had been deeded to such father and a former wife, there being no showing whether she was living or dead, or what had become of her interest.

3. Guardian and Ward.—In action by infants' guardian to sell real estate for infants' support and education, pursuant to Civil Code of Practice, sec. 490, subsecs. 2, 3, deed exhibited pursuant to section 492, showing that infants' deceased father, from whose estate they had acquired such property, had, on his death, only one-half interest in such property, held to control over allegations of petition that father owned all in fee simple.

4. Depositions.—In guardian's suit to sell infants' realty for their support and education, pursuant to Civil Code, sec. 490, subsecs. 2, 3, deposition held not required to be taken on interrogatories, as provided by section 574, although widow, who was the only adult defendant, had filed her answer.

5. Guardian and Ward.—That mortgage was paid from proceeds of sale of infants' realty, ordered pursuant to Civil Code of Practice, sec. 490, subsecs. 2, 3, without proof of claim being made, held not available to purchasers in the petition to set aside the sale since payment did not adversely affect them.

6. Judicial Sales.—Purchasers at a judicial sale who have complied with terms of sale become parties to the action, and must take notice, not only of subsequent proceedings in the action affecting their interests, but also of the prior proceedings therein.

7. Judicial Sales.—After confirmation of a judicial sale, the court may not, because of Civil Code of Practice, sec. 763, at the instance of purchasers, revise proceedings for mere errors or irregularities reviewable only on direct appeal by an interested party.

8. Judgment.—If a judgment is void in whole or in part, it will, under Civil Code of Practice, sec. 763, be corrected in court, where it was rendered.

9. Guardian and Ward.—Where sale of infants' realty to provide for their support and education was made pursuant to Civil Code of Practice, sec. 490, subsecs. 2, 3, on the basis of the infants having obtained all title to the land sold, from their deceased father's estate, but deed introduced in evidence showed property had originally been deeded to infants' deceased father and a former wife, and there was no showing that former wife had ever disposed of such property, so that her interest might be in others who were not parties to the suit, held that the sale was void, in so far as it attempted to dispose of the former wife's interest, where neither she nor her representatives were parties to the action or bfore the court.

POLK SOUTH, JR., for appellants.

JAMES H. POLSGROVE for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The purchasers at a judicial sale of infants' real estate have brought this appeal to determine whether they obtained a good title to the property purchased.

Otha Wheat died in Franklin county on August 14, 1925, survived by his widow, Anna May Wheat, and five infant children. The Capital Trust Company was appointed guardian for the five infants, and instituted this action as such guardian against the widow and infants to sell the land, alleging that Otha Wheat, at the time of his death, was the owner in fee simple, and in possession of two tracts of land in Franklin county, Ky., and exhibited with the petition the title papers to the land consisting of a single deed. The deed was dated February 1, 1900, and was from R. H. Parrent and wife to Otha Wheat and S. M. Wheat, his wife, conveying the tracts of land described in the petition. Summons was duly served on the defendants. The widow, Anna May Wheat, filed an answer consenting to the sale, but not confessing the allegations of petition. A guardian ad litem was appointed for the infants and made a proper report. A deposition was taken upon notice, but there was no cross-examination.

Bond was given as required by section 493 of the Civil Code, and the court entered a judgment and order of sale upon the ground that the property was owned jointly and in possession, and not susceptible of division without material impairment of its value, and also upon the ground that the guardian did not have sufficient estate to pay for the maintenance and education of the infants, and that the money derived from the sale could be used by the guardian in accordance with the law, for that purpose. Dower was allotted to the widow in cash out of the proceeds of the sale. The master commissioner executed the judgment of sale, and made report thereof in regular form. The appellant George B. Kaze was the purchaser of one of the tracts of land, and the appellant Murray Wiard was the purchaser of the other tract. No exceptions were filed, and the report of sale was confirmed.

A portion of the purchase price was paid into court, and order of distribution thereof made. An order was entered reciting that Robert E. Lewis held a mortgage on the land for $400 which was paid out of the proceeds of the sale. There is nothing in the record to show whether

this mortgage was properly payable, but it seems to have been agreed by all parties that it was a just and valid claim, constituting a first lien on the property.

The case was redocketed later, and an order was entered requiring the purchasers to show cause why they should not pay the entire purchase money on the bonds which had meanwhile matured. The purchasers in response to the rule objected, and moved that the judgment and sale be set aside and the purchase money bonds canceled upon the following grounds: (1) That the petition in the case did not state a cause of action; (2) that the proof in the record did not authorize the judgment which was rendered prematurely and was void; (3) that the evidence was not taken upon interrogatories, as required by the Civil Code, instead of by depositions; (4) that the Robert E. Lewis mortgage was paid without any pleading or proof.

The criticism of the petition is that it fails to state that the mother of the infants is unable to support and educate them. Campbell v. Goodin, 128 Ky. 278, 108 S. W. 248, 32 Ky. Law Rep. 1137.

The answer of the defendant Anna May Wheat supplies the omitted allegation, the proof sufficiently indicates the fact, and there is no evidence to the contrary. The case proceeded upon the theory that the land could be sold under either sections 489 or 490 of the Code.

It is now argued that the practice was permitted by this court in the case of Hatterick v. Bruce, Guardian, 151 Ky. 12, 151 S. W. 31, where the widow proceeded in her own right and as guardian under section 490 of the Code. Here the only plaintiff is the guardian, and the primary purpose of the action is to sell the land of the infants for maintenance and education of the wards. The widow by answer consented to the sale, and joined in the prayer of the petition, and the facts shown in the record bring the case within the terms of section 490, subsecs. 2 and 3, of the Civil Code. Moran v. Coffin, 194 Ky. 843, 241 S. W. 338; Howard v. Singleton, 94 Ky. 336, 22 S. W. 337, 15 Ky. Law Rep. 309.

A more serious defect appears in the proceedings in this case. In obedience to the requirements of the Civil Code, sec. 492, the plaintiff properly exhibited with the petition the muniments of title of the father of the infants, consisting of a deed which conveyed to Otha Wheat and S. M. Wheat, his wife, the tracts of land mentioned

in the petition. It is a reasonable inference that S. M. Wheat was a former wife of Otha Wheat, as his present wife has a different name, is only 29 years of age, and in 1900, when the deed was made, would have been but a year old. Furthermore, his widow does not claim any interest, except dower, in the land. There is no showing in the record as to whether S. M. Wheat is living or dead, or who are her heirs or what became of her half interest in the land. As the record stands the purchasers have acquired only the one-half interest of Otha Wheat's heirs in the property. The ownership of the S. M. Wheat half interest does not appear and her representatives are not parties to the record, so far as we know. It may be that Otha Wheat, in some way, acquired that intreest, but, if so, that fact is not disclosed. It is true the petition alleges that Otha Wheat owned the property in fee simple, but the deed exhibited with the petition controls its allegation in that respect. Kentucky Mutual Co. v. Logan, 90 Ky. 364, 14 S. W. 337, 12 Ky. Law Rep. 327; Hudson v. Scottish Insurance Co., 110 Ky. 722, 62 S. W. 513, 23 Ky. Law Rep. 116; Durham v. Elliott, 180 Ky. 724, 203 S. W. 539.

For this reason, it will be necessary to reverse the judgment, so that the present owners of the one-half undivided interest conveyed to S. M. Wheat may be brought before the court and for such further proceedings as the facts may warrant or the exigencies require.

There was sufficient proof in the record to authorize the judgment, but it would be better to have the deposition of the widow explaining the facts regarding her situation, resources, plans, and capacity more fully. Upon return of the case, the court may permit her deposition to be taken.

As the widow was a defendant and not an infant, it was not necessary that the deposition be taken upon interrogatories, as section 574 of the Civil Code requires it only when all the defendants are infants. Phillips v. Spalding, 102 S. W. 1193, 31 Ky. Law Rep. 579; Webb v. Webb, 190 Ky. 574, 228 S. W. 13; Sears v. Collie, 148 Ky. 444, 146 S. W. 1117; Palmer v. Husbands, 134 Ky. 152, 119 S. W. 762.

But it is argued that, when the only adult defendant filed her answer, it was no longer necessary to read depositions against her, but only against the infants, and that

the Code in such case requires proof to be taken on interrogatories. But the deposition was to be read against all the defendants, notwithstanding the answer, as it did not admit many of the essential allegations of the petition, or waive proof of the facts necessary to be proven to justify a sale. Luscher v. Julian's Adm'r, 173 Ky. 150, 190 S. W. 692. Compare Bond v. Dean, 3 S. W. (2d) ——, this day decided.

The title of the purchasers was cleared by the payment of the mortgage of Robert E. Lewis, and they could not complain thereof. The payment of the mortgage was proper, if it was just, as seems to be agreed. In any event, its payment did not adversely affect the purchasers, and they could not complain of any irregularity in failing to require proof of the claim.

It is true that purchasers at a judicial sale who have complied with the terms of the sale become parties to the action, and must take notice, not only of subsequent proceedings in the action affecting their interests, but also of the prior proceedings therein. Wise v. Wolf, 120 Ky. 263, 85 S. W. 1191, 27 Ky. Law Rep. 610.

In this case, the judgment and order of sale was made at the September term of court, and the order of confirmation was entered at the November term. The purchasers filed their objection at the January term, when the judgments had passed beyond the control of the court, except in proceedings pursuant to the Civil Code authorizing the vacation of judgments after expiration of the term of court at which they were rendered. Thompson v. Porter, 183 Ky. 848, 210 S. W. 948.

In Wise v. Wolf, supra, it was said:

"While the rule of caveat emptor applies in all its strictness to judicial sales, it is not thought that, when a purchaser before confirmation shows a failure of the title in some material particular, a court of equity may not relieve him of his bid, where it was made under a clear misapprehension of fact or law, inducing the bidding."

The court may not, after confirmation of a sale, at the instance of purchasers, revise the proceedings for mere errors or irregularities reviewable only on direct appeal by an interested party; but, if the judgment is void in whole or in part, it will be corrected in the court

where it was rendered. Civil Code, sec. 763; Todd v. Dowd, 1 Metc. 283; Carpenter v. Strother, 16 B. Mon. 289; Barrett v. Churchill, 18 B. Mon. 387; Megowan v. Pennebaker, 3 Metc. 501; Costigan v. Truesdell, 119 Ky. 70, 83 S. W. 98, 115 Am. St. Rep. 241, 26 Ky. Law Rep. 972; Wyatt's Trustee v. Grider, 158 Ky. 440, 165 S. W. 420; Oldham v. McElroy, 134 Ky. 454, 121 S. W. 414.

Here the sale was void in so far as it attempted to dispose of the half interest in the land conveyed to S. M. Wheat, as the record fails to disclose that she or her real representatives were parties to the action or before the court. It may be they will not object to the sale, but until they have been brought before the court, and given an opportunity to be heard, no valid order affecting their interest may be made. Under section 28 of the Civil Code ample remedy is provided for such a situation. Union Gas & Oil Co. v. Gillem, 212 Ky. 293, 279 S. W. 626; Blair v. Meade, 192 Ky. 720, 234 S. W. 433.

It is plain that the purchasers were bidding on the entire property, and, if they acquired only a half interest, to deny relief would result in injustice.

The judgment is reversed for further proceedings consistent with this opinion.